CASE 20.—ACTION BETWEEN W. L. GLAZIER AND THE CITY OF NEWPORT; INVOLVING THE LEGALITY OF A CITY ORDINANCE.—February 19.

# Glazier v. City of Newport

Appeal from Campbell Circuit Court.

CHARLES W. YUNGBLUT, Circuit Judge.

From the judgment plaintiff appeals.—Reversed.

Municipal Corporations—Meetings of General Council—Special Meetings—Authority of Mayor.—Under Ky. Stats., 1903, section 3046, providing that the board of aldermen and the board of councilmen shall meet at least once a month and shall not

adjourn for a longer time, but may aajourn from day to day, and that, when both boards are called in session, one shall not adjourn without the concurrence of the other for a longer time than 24 hours, etc., and section 3110, authorizing the mayor to convene at any time the general council, composed of the two boards, the mayor can not convene the board of aldermen alone to enact general legislation begun in the board of councilmen.

BRENT SPENCE, R. W. NELSON, AUBREY BARBOUR and THOMAS P. CAROTHERS for appellant.

POINTS AND AUTHORITIES CITED.

1. Ky. Stats., section 3043; Shugars, Police Judge, v. Hamilton, 92 S. W. 564; Cyc., volume 28, p. 329; Abbott on Municipal Corporations, p. 1284; Mills v. City of San Antonio, 65 S. W. 1121; Burns v. Thompson, 64 Ark. 489; Township Board Beaver Creek v. Hastings, Township Clerk, 52 Mich. 529; London & N. Y. Land Co. v. City of Jellico, 103 Tenn. 320; Knoxville v. Knoxville Water Co., 107 Tenn. 657; Lord v. City of Annoka, 36 Minn. 176; Durant v. Jersey City, 25 N. J. L. 311; Flood v. Atlantic City, 63 N. J. L. 531.

2. What constitutes a resignation or vacation of office. Rex v. Hughes, 5 Barnwell & Cresswell 886; Rex v. Bond, 6 D. & R. 333 (both cited by Dillon, p. 309, 4th Ed.); Meechem on Public Offices, sections 425-426; Dillon on Municipal Corporations, sections 224-225-226; Abbott on Municipal Corporations, section 633; Stubbs v. Lee, 64 Me Rep. 195; Pariseau v. Board of Education of the City of Escauba, 96 Mich. 302; VanArsdell v. Hazard, 3 Hill (N. Y.) 243; Barbour v. U. S., 17 C. T. C. L. 149; McGhee v. Dickey, Et. 4 Tex. 104; State of Texas v. Beinkerhoff, 68 Tex. 45; State v. Fitts, 49 Ala. 402; State v. Hauss, 43 Ind. 105; McGhee v. State, 103 Ind. 444; State ex rel. Kirtley v. Augustine, 33 Mo. 21; Writer v. State, ex rel., 51 Ohio State, 74; People ex rel. v. Hanifan, 6 Ill. App. 158.)

3. Can the authority to create the office of additional aldermen be delegated to a subordinate legislative body? (Reading v. Savage, 121 Pa. 198.)

4. Can there be a vacancy in a newly created elective office before the same is filled by election by the people? ( Abbott on Municipal Corporations, p. 1480; Brady v. Howe, 50 Miss. 67; State v. Cool, 51 N. J. L. 191; in re. Board of Health, 64 Hun. 634; State v. McGhee, 65 N. C. 257; Lyree v. Adler, 51 Miss. 28; Commonwealth v. King, 85 Pa. 183; Davis v. Davis, 57 N. J. L. 80.)

5. Was there any power in the mayor to call either board of the

Glazier v. City of Newport.

general council in session separately? (Ky. Stats., section 3046; Ky. Stats., section 3110.)

### OTHER AUTHORITIES.

Ky. Stats., sections 3043, 3049, 3051, 3208, 1521; 5 Bush 231; 14 Ky. Law Rep. 25, 586; 94 Ky. 540; 30 Ky. Law Rep. 1082; 103 U. S. 227.

COURTLAND T. BAKER, City Solicitor, for appellee.

1. In order to be an estoppel by conduct, the following elements must be present:

(First) There must have been a representation or a concealment of material facts.

(Second) The representation must have been made with knowledge of the fact.

(Third) The party to whom it was made must have been ignorant of the truth of the matter.

(Fourth) It must have been made with the intent that the other party should act upon it.

(Fifth) The other party must have been induced to act upon it.

If there is an estoppel, it can not be by judgment or record, of adjudication, nor by matter of deed, but must be matter in pais, of which estoppel by conduct is the key.    If an office may be transferred from one to another in the mode attempted, no elucidation is necessary to expose the evils which flow from repeated changes which the sanction of the claim of the respondent, to the extent required, would render possible.

2. This court can not consider the wisdom, expediency or policy of the ordinance in issue as that is a matter directed to the discretion of the general council.    The sole question in issue in this case is: Under the charter of the city of the second class, of which Newport is one, did or did not the board of aldermen of the city of Newport have a right to pass this ordinance. If, under the charter, they had power to pass it, and did pass it pursuant to the charter, then there can be no question as to its validity or invalidity.    Counsel for the city of Newport maintains that the ordinance was passed pursuant to the charter and in due form of law.    Therefore, the increase of the board of aldermen is legal. It is unnecessary to say to the court that this court can not inquire into the motive of the general council in passing this ordinance. If they had a right to pass it under the charter, then it was a matter that rested solely within the discretion and wisdom of the

general council whether or not said ordinance should be passed, and this court has no power to inquire into their motive.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The city of Newport is a city of the second class. By section 3043, Ky. Stats., 1903, which is a part of the act governing cities of the second class, it is provided that the board of aldermen shall be composed of four members, but that the general council may by ordinance provide that the number of aldermen may be increased to any number not exceeding eight. Previous to the November election, 1908, the number of aldermen had been increased to five. After that election an ordinance was passed by the board of councilmen increasing the number of aldermen to eight; but the ordinance, after passing the board of councilmen, was not presented to the board of aldermen at that meeting before it adjourned. Section 3110, Ky. Stats., 1903, defining the power of the mayor, is as follows: "He shall, from time to time, give to the general council information in regard to the affairs of the city, and recommend to their consideration such measures as he may deem expedient. He may for special reasons, convene the general council at any time." The mayor, learning that the ordinance referred to had not been acted on by the board of aldermen, issued a call for a special meeting of the board of aldermen, and notice of the call was given each of the five members of the board. The board met pursuant to the call, and the ordinance was then given its first reading. They then adjourned. Thereupon the mayor, by another proclamation, called the board in special session ten minutes later, and of this meeting no notice was given, except to those members of

the board who were there. The board met pursuant to the call, and gave the ordinance its other readings, and thereupon passed it. The next day they were advised by the city solicitor that the second meeting held that night was void, and thereupon, at the next regular meeting of the general council, the board of aldermen gave the ordinance its second and third readings, and then passed it again.

The question before us is whether the ordinance thus passed is valid. It is conceded that the second meeting, held under the second proclamation of the mayor, and without notice to all the board, was void. It is also conceded that the ordinance could not be passed by the board of aldermen at the same meeting at which it was introduced, and that therefore the passage of the ordinance at the regular meeting referred to was not valid unless the prior special meeting, at which the ordinance was introduced and read for the first time, was a valid meeting of the board of aldermen. Section 3046, Ky. Stats., 1903, regulating the meetings of the boards, is as follows: "Both of said boards shall meet at least once in each month, and shall not adjourn for a longer time, but may adjourn from day to day, and sit as long as business requires. When both boards are in called session, one shall not adjourn without the concurrence of the other for a longer time than twenty-four hours. If they shall fail to agree on adjournment, the mayor may adjourn them to a day not beyond the next regular time of meeting." It will be observed that by the statute the mayor may for special reasons convene the general council at any time; but the general council is composed of both the board of aldermen and the board of councilmen. The power to convene the municipal legislature at any time is not authority to convene one of the boards

without the other.  The power of the mayor is derived
wholly from the statute.  He has no power except
that which the statute confers.  The power to convene
a general council in session is one thing, and the
power to convene one of its boards in session to legis-
late alone is a very different thing.  The purpose of
having two boards is that one may act as a check upon
the other, and that the ordinance, when passed, shall
represent the common judgment of both bodies.  It
was not contemplated that an ordinance might be
passed by one of the boards at a regular meeting, and
that the other board might be called in special session
by the mayor for the passage of the ordinance, when
the members of the board first acting had no notice
of the proceeding and no opportunity to take any
action.  If the mayor had followed the statute and
called a special meeting of the general council, the
board of councilmen, when they met, might have
passed a resolution withdrawing the proposed ordi-
nance from the board of aldermen before it was acted
upon by that body; and this is not infrequently done.
If the board of councilmen had been in session, and
the ordinance had been amended by the board of alder-
men in some particular, and the councilmen had been
in session, it might have gone back to that body for
their concurrence in the amendment; but the fact
that this body was not in session, and that the adop-
tion of the amendment would defeat the entire pur-
pose of the meeting, might deter the board of alder-
men from making an amendment which their judg-
ment approved.  One board may not adjourn without
the concurrence of the other for a longer time than 24
hours, when they are called in special session, and we
are satisfied that a calling together of one of the legis-
lative boards of a city to enact general legislation

which has been begun in the other board is not warranted by the statute or contemplated by it. We are, therefore, of opinion that the called meeting of the board of aldermen referred to was not valid, and that, as the ordinance was passed by the board of aldermen at the first session after it was introduced into that body, it was not a legal ordinance.

Judgment reversed, and cause remanded, for a judgment as above indicated.