**KENTUCKY MOUNTAIN COAL COMPANY,**
Appellant,

v.

**Will WITT, etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 15, 1962.

Baird & Hays, Pikeville, for appellant.

M. B. Fields, Hazard, Ben K. Wilmot, Dept. of Industrial Relations, Frankfort, for appellees.

CULLEN, Commissioner.

This appeal presents a question of construction of KRS 342.120(5), relating to workmen's compensation, which reads:

"(5) Upon motion, with notice to the Commissioner of Industrial Relations, and it appearing to the board that a claimant who has been awarded compensation under any one of the several provisions of this chapter becomes re-employed by the employer against whom the award was made, or continues in his employment in which he was injured, any part of the award not paid at the time the claimant becomes re-employed shall be paid out of the Subsequent Claim Fund; or, if the claimant has continued in his employment then the whole award shall be paid from the Subsequent Claim Fund. Said unpaid portion of the award shall be awarded against the Subsequent

Claim Fund and paid by the Commissioner of Industrial Relations as are all other subsequent claim awards. The employment or re-employment contemplated herein shall be at wages equal to or greater than the employe was receiving before the traumatic injury by accident."

This subsection of the statutes, enacted in 1960, has not previously been before this Court for interpretation.

The specific question presented is this: If an employer against whom an award of compensation has been made reemploys the injured workman at wages equal to or exceeding his former wages, so as to initiate responsibility of the Subsequent Claim Fund for making the compensation payments, but the reemployment thereafter is terminated, does the Subsequent Claim Fund remain liable for compensation payments falling due after the termination of the reemployment? The circuit court answered the question in the negative.

The particular facts of this case are: The injured workman was awarded compensation in the form of weekly payments for a period of 75 weeks from and after September 12, 1960. He was reemployed by his employer at wages equal to or exceeding his former wages and an order was entered by the Workmen's Compensation Board directing that the payments be made out of the Subsequent Claim Fund "for such time as the claimant is in the defendant's employ at wages equal to or greater than what he was receiving at the time of his injury." The Subsequent Claim Fund proceeded to make the payments until June 1961, when it was discovered that the reemployment had ceased on March 2, 1961. The Board then entered an order relieving the Fund of liability for payments that became due after March 2, 1961, directing the employer to reimburse the Fund for the payments it had made after that date, and imposing upon the employer liability for future payments during such time as the workman was not reemployed at wages equal to or exceeding his former wages. Upon motion of the workman judgment was entered in the circuit court in accordance with the Board's order. The employer has appealed from the judgment.

The appellant maintains that the statute does not contemplate that the employe shall be "bounced back and forth like a rubber ball" between the employer and the Subsequent Claim Fund, depending upon whether or not at any particular moment he is in reemployment at wages equal to or exceeding his former wages. It is true that under a strict literal construction of the statute the Subsequent Claim Fund, once having become liable, would thereafter continue to be liable regardless of subsequent termination of the workman's reemployment. But such a construction would not be in accord with any possible reasonable purpose the legislature could have had in mind.

The obvious purpose of the statute is to encourage reemployment of injured workmen at adequate wages by relieving the employer of the requirement of paying disability compensation in addition to full wages. An employer can afford to pay full wages to a workman whose capabilities are impaired if the Subsequent Claim Fund, by taking over the compensation payments, is in effect making up for the deficiency in the workman's capabilities. But the inducement or encouragement the legislature has extended is clearly for *continued* reemployment. It is not conceivable that the legislature intended to relieve an employer completely of liability for compensation payments if he should reemploy the workman for only one day.

In construing a statute the courts will consider the purpose which the statute is intended to accomplish. City of Louisville v. Helman, Ky., 253 S.W.2d 598. And the courts will not give a strict literal construction to a statute where to do so would lead to an absurd or unreasonable conclusion. Com. of Ky., Dept. of Highways v. Wilkins, Ky., 320 S.W.2d 125. In our opinion the Workmen's Compensation

Board and the circuit court correctly construed the statute as not imposing liability on the Subsequent Claim Fund for weekly compensation payments for any week during which the workman is not in the employ of his former employer at wages equal to or exceeding his former wages.

The appellant says that the judgment erroneously orders a refund to the Subsequent Claim Fund for payments made for weeks prior to March 2, 1961. As we read the judgment it orders a refund only for weeks *after* the March date.

The judgment is affirmed.