**Carl E. OETH, Appellant,**

**v.**

**Rudy FELTY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

George E. Stigger, III, Perdue & Stigger, Henderson, for appellant.

William L. Sullivan, Dorsey & Sullivan, Henry C. Neel, Henderson, Robert Matthews, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Dept. of Aeronautics, Frankfort, for appellees.

WILLIAM DIXON, Special Commissioner.

This is an appeal from the judgment of the Henderson Circuit Court granting the defendant a summary judgment.

Prior to April 3, 1966, an application had been filed on behalf of the W. E. H. T.,

Inc., with the Henderson Zoning Board of Adjustment seeking permission for the erection of a 988 foot wireless transmitting television tower. Notice appeared in the Henderson Gleaner and Journal, the largest newspaper published in Henderson and Henderson County, on Sunday, April 3, stating that an application had been filed and a hearing would be held by the Zoning Board on April 13th to pass on the application. Plaintiff was a regular subscriber to the Gleaner-Journal at the time. No one appeared at the meeting to protest and permission was granted on April 19th. The Kentucky Department of Aeronautics, the Federal Communications Commission and the Federal Aviation Agencies had also approved the erection of the tower.

The Zoning Board's action was followed by much publicity about the tower which was to replace an old one and was to be built within 30 feet of it. The place where the tower was being constructed was about 500 feet from the plaintiff's residence and real property.

On August 16, 1966, more than four months after permission had been granted, plaintiff filed a motion with the Zoning Board for a rehearing on the application. At that time the foundation had been constructed and 300 feet of the tower had been erected. The defendants had also committed themselves to spend or had spent $100,000.00 on it. The Zoning Board refused to grant a rehearing and on October 15, 1966, suit was filed in circuit court asking a review of the Board's action. The relief demanded was denied. At this time, the tower had been completed.

The plaintiff contends that the notice appearing in the newspaper on Sunday is not legal and that the Zoning Board did not acquire jurisdiction to act on the application under such circumstances and that any action taken by the Board adversely affecting his property would be taking property without due process of law.

The plaintiff, in support of his contention, cites Ormsby v. City of Louisville, 79

Ky.Rep. 197, where the court held that publication of a tax levying ordinance on Sunday was illegal. The plaintiff also cites KRS 454.130 which provides in substance that a notice may be served on Sunday only if the officer or person having the notice believes or the plaintiff or some other person makes an affidavit to the effect that the notice cannot be given or process cannot be executed after such Sunday or holiday.

It is to be observed that the case of Ormsby v. City of Louisville is an old case and that KRS 454.130 prior dates KRS 424.130 subsection (1) (b) which provides that notwithstanding any provision of existing law providing for a different time or period of publication of advertisements required by law to be made in newspapers shall be made as follows: When an advertisement is for the purpose of informing the public or the members of any class of persons that on or before a certain day they may or shall file a petition or exception or remonstrance or protest or objection, or resist the granting of an application or petition, or present or file a claim, or submit a bid, the advertisement shall be published at least once, but may be published two or more times, providing that one publication occurs not less than seven nor more than twenty one days before the occurrence of the act or event. In this case, the advertisement occurred ten days before the application was to be passed on by the Board.

This is a 1960 statute and was enacted subsequent to the statute and cases cited by the plaintiff. It is to be noted that Sundays or holidays were not excluded or excepted as days that notice could be given or served. The Legislature provided that this statute was to supersede all law in conflict with it.

In his complaint, plaintiff stated: "Other than the legal advertisement, the plaintiff was not apprised of the pendency of the hearing by registered letter, certified letter or otherwise." So, it is definitely estab-

lished that the plaintiff had actual notice of the application for the permission to erect the tower in addition to it being within 500 feet of his residence and being a subject of much discussion and concern in the community where he lives.

He did not appear before the Zoning Board to protest the granting of permission, but waited more than four months and after the foundation had been erected and 300 feet of the tower constructed before asking for a rehearing before the Zoning Board. He waited until the tower had been completed before filing a suit.

We think the notice was adequate and sufficient under KRS 424.130 subsection (1) (b) to apprise the plaintiff of the proposed construction of the tower, and according to his own pleadings he had actual knowledge of its erection. He is estopped at this late hour to complain.

The judgment is affirmed.

All concur.