**Charles H. MUSSER, Appellant,**

v.

**LEON COAL PROCESSING CO., INC., City of Ashland Building Inspector, Kenneth Staten, Ashland Board of Zoning Adjustment, Charles Frasure, Paul W. Miller, John Artis, Jr., Homer Adams, and Karl Bradley, members, Appellees.**

**Charles H. MUSSER, Appellant,**

v.

**KENTUCKY HIGHLANDS RIVER COAL COMPANY, INC., Leon Coal Processing Company, Inc., City of Ashland, Kentucky, James J. Webb, Mayor, William Mordica, Jerry Clark, Myron Bates, Donald Wade, Kenneth Staten, respectively the Board of Commissioners and Building Inspector, City of Ashland, the Ashland Planning Commission, Ashland, Kentucky, Board of Zoning Adjustment, Ashland, Kentucky, Mr. and Mrs. George Arrington and Mr. and Mrs. Sam Picklesimer, Appellees.**

Court of Appeals of Kentucky.

Jan. 6, 1978.

C. B. Creech, Creech, Hogg & Williams, Ashland, for appellant.

Michael D. Johnson, Ashland Corporate Counsel, Ashland, Vanantwerp, Hughes, Monge & Jones, Ashland, White, Peck & Carrington, Mount Sterling, for appellees.

Before GANT, HOWERTON and WHITE, JJ.

GANT, Judge.

Appellee, Leon Coal Processing Co., through an agent applied to the City of Ashland Planning Commission to rezone a tract of land in that city from I–1 (light industrial) to I–2 (heavy industrial) in order to construct a coal loading facility. This application was duly advertised, complying with the public notice requirements of Chapter 424 of the Kentucky Revised Statutes, giving notice that a hearing on the application would be held on May 21, 1974. At that hearing the application was considered and no one appeared in opposition to the application. The agent presented the application, the accompanying plats indicating that the contiguous property was already zoned I–2. The minutes of the hearing further reflect that the failure to previously so zone the tract in question was an oversight, as other areas in the vicinity had been changed. The application was unanimously approved.

On May 23, 1974, the Planning Commission notified the Mayor and Board of Commissioners of their action and that group adopted Ordinance 17–1974 rezoning the property and directing that the zoning map be changed accordingly. This ordinance was enacted May 28, 1974, again with no one appearing in opposition. In December, 1974, and April, 1975, appellee Leon Coal Processing Co. received building permits to construct its coal loading facility, at which time appellant went before the Board of Zoning Adjustment to complain, which body denied relief, finding that the permits were proper under the I–2 classification.

Appellant brought these two actions in May of 1975, urging (1) that the land use change was made without adjudicative hearing and thus void; and (2) that no building permit should be issued under a void ordinance. Appellees rely on KRS 100.347 as a bar to (1) and further state that the statutes requiring hearing and findings were substantially complied with.

KRS 100.347 states as follows:

Appeals from commission or board of adjustment.—Any appeal from commission action may be taken in the following manner:

(1) Any person or entity claiming to be injured or aggrieved by any final action of the planning commission or board of adjustments may appeal from the action

to the circuit court of the county in which the land lies. Such appeal shall be taken within thirty (30) days after the final action of the commission or board. Final action shall not include commission's recommendations made to other governmental bodies.

(2) All appeals shall be taken in the appropriate circuit court within thirty (30) days after the action or decision of the planning commission or board of adjustments and all decisions which have not been appealed within thirty (30) days shall become final. After the appeal is taken the procedure shall be governed by the Rules of Civil Procedure. When an appeal has been filed, the clerk of the circuit court shall issue a summons to all parties, including the planning commission in all cases, and shall cause it to be delivered for service as in any other law action.

 It is clear from this statute that the "final action" set out in the statute is the passing of the ordinance effecting the change by the legislative body as the statute excludes "recommendations." Only the legislative body is empowered to implement its decision in the case of a map amendment and final action results only when the mayor and commissioners approve the recommendation of the Commission. See Tarlock, *Kentucky Planning and Land Use Control Enabling Legislation: An Analysis of the 1966 Revision of KRS Chapter 100*, 56 Ky. L.J. 556, 624. Final action was taken on May 28, 1974, and the action questioning its validity was not filed until May 5, 1975, almost one year later and far past the 30 days provided by KRS 100.347. The court has previously held in *Oeth v. Felty*, Ky., 421 S.W.2d 860 (1967) that four months was too late.

 The action filed to complain of the building permits is nothing but a collateral attack. Quoting from Rathkopf, *The Law of Zoning and Planning*, Chapter 63, § 3, "Where the time to bring a proceeding to review has expired, the person aggrieved by the decision cannot secure to himself an additional period by bringing a collateral attack upon the decision . . . ."

For the reasons set out herein, judgment in each case is affirmed.

All concur.