**FISCAL COURT OF JEFFERSON COUNTY, Kentucky, et al., Movants,**

v.

**DON RIDGE LAND DEVELOPING COMPANY, INC., Respondent.**

Supreme Court of Kentucky.

May 10, 1984.

Alex F. Talbott, Louisville, for movants.

John G. Carroll, Louisville, for respondent.

Lawrence Jude Clark, Jr., Louisville, amicus curiae.

STEPHENS, Chief Justice.

█ The broad issue to be decided on this appeal is whether there are time limitations on the filing of independent actions which attack the alleged arbitrariness of zoning decisions.

Respondent, Don Ridge Land Developing Company, Inc., filed a formal request before the Louisville and Jefferson County Planning Commission seeking that certain property be rezoned. On April 17, 1980, the Planning Commission recommended to movants Fiscal Court that the zone change request be denied. On October 28, 1980, the Fiscal Court upheld the recommendation of the Planning Commission and denied the request for a zone change.

Nearly eight and one-half months later Don Ridge filed a suit in the Jefferson Circuit Court attacking the action of the Fiscal Court in denying its zone change request and alleging that such action was illegal as being arbitrary, unreasonable, capricious, and erroneous. The Fiscal Court moved to dismiss the complaint as not being timely filed. The trial court granted the motion and dismissed the complaint. The Court of Appeals, in a split decision, reversed the trial court holding that the action was timely filed.

The Fiscal Court argues: (1) that KRS 100.347 requires that a judicial review of a rezoning decision made by a legislative body be filed within thirty (30) days of that body's action; (2) that a Fiscal Court ordinance, which requires judicial review of such decisions within thirty (30) days is valid and is applicable hereto, and (3) that this Court should, by judicial fiat, establish a time limit for the filing of such actions. We do not agree, and accordingly affirm the opinion of the Court of Appeals.

To begin, it must be noted that the action filed by Don Ridge is not a statutory appeal. It is, rather, an independent action, attacking the legality of the decision of the legislative body, the Fiscal Court. Its legal basis lies in Section 2 of the Kentucky Constitution which prohibits the arbitrary exercise of power over property. *See American Beauty Homes Corporation v. City of Louisville*, Ky., 379 S.W.2d 450 (1964) and its long line of progeny. Movants' argument that KRS 100.347 is controlling fails. KRS 100.347 is as follows:

KRS 100.347. Appeals from commission or board of adjustment.

*Any appeal from commission action* may be taken in the following manner: (1) Any person or entity claiming to be injured or *aggrieved by any final action of the planning commission or board of adjustments* may appeal from the action to the circuit court of the county in which the land lies. (Such appeal shall be taken within thirty (30) days after the final action of the commission or board. (Emphasis added.)

Under the plain wording of the statute, the authorized appeal can only be taken from the final action of the *planning commission or the board of adjustment.* No appeal is provided from an action of a *legislative body.* In the present case, the action filed by Don Ridge was filed against the Jefferson County Fiscal Court, a legislative body. KRS 100.347 is not applicable to the present case. *Johnson v. Lagrew*, Ky., 447 S.W.2d 98 (1969).

Movants argue that *Musser v. Leon Coal Processing Company*, Ky.App., 560 S.W.2d 833 (1978) is controlling. In that case, Leon Coal applied to the City of Ashland Planning Commission to rezone a tract of land from light industrial to heavy industrial. At a hearing on May 21, 1974, no one appeared in opposition to the zone change, and the request was approved. On May 23, 1974, the recommendation was forwarded to the City Commission which enacted and adopted an appropriate ordinance changing the zone. The ordinance became effective on May 28, 1974. In December of 1974, and April of 1975, Leon Coal received its building permit to proceed under the new zone. The appellant appeared before the Board of Adjustment to protest the

issuance of the permit and the Board of Adjustment declared that the permit was *proper* under the new zone classification.

In May of 1975, suit was filed against the mayor, city commission, planning commission, building inspector, and board of adjustment, urging that the hearing before the planning commission was void.

Leon Coal argued that KRS 100.347 was applicable and that the suit was filed too late. The trial court dismissed the complaint and the Court of Appeals affirmed. Following a description of KRS 100.347, the Court of Appeals declared that the "final action" described in Section (1) is " . . . the passing of the ordinance effecting the change by the legislative body . ." In effect, *Musser* made KRS 100.347 applicable not only to the action of planning commissions and boards of adjustment, but also to that of legislative bodies. The Court reasoned that only the legislative body could take *final action,* in that the action of the planning commission was *recommendatory* in nature. The Court of Appeals reasoned that since the "final action" was taken by the City Commission on May 28, 1974 (the adoption of the ordinance), and since the suit was filed on May 30, 1975 (nearly a year later), the limitations set out in KRS 100.347 (as extended by the Court) applied. We do not agree and we herein overrule *Musser,* to the extent that it extends the appeal time limitation in KRS 100.347 to include actions of the legislative bodies. The statute is plain and simple. It applies only to the action of planning commissions and boards of adjustments. Whether the action is technically "final" or not, if a party is aggrieved by the action of either body the party can attack it by an appeal to the circuit court. The statute thus makes the action of those two bodies effectively final by allowing an aggrieved party the right to appeal. The General Assembly has provided in clear terms a remedy at a particular point in time in the zoning process. We will not infer an additional meaning to plain and simple words,

particularly when the rights of the parties to raise questions are otherwise provided. As has been indicated, this Court in the *American Beauty Homes* case has provided a remedy against alleged illegal actions of legislative bodies. We conclude that KRS 100.347 only applies to appeals from actions of planning commissions and boards of adjustment.

■ Movant urges us to uphold the validity and alleged applicability of the ordinance of the Jefferson Fiscal Court which deals with judicial review of its action for zone changes. It provides:

Judicial review of an action of a legislative body pursuant to this section must be initiated by an aggrieved party within thirty (30) days from the time such action becomes effective.

The Court of Appeals declared this ordinance to be invalid because it goes beyond the grant of powers given to local governments by Chapter 100. We agree.

■ The power to enact zoning regulations and procedures has its genesis in the police power and the exercise of that power is limited by the *statutory* grant thereof. *Fowler v. Obier,* 224 Ky. 742, 7 S.W.2d 219 (1928); *Southeastern Displays, Inc. v. Ward,* Ky., 414 S.W.2d 573 (1967). In *Ward,* we said, "The City cannot exercise police power in enacting a zoning ordinance unless the right has been given by the legislature". *Id.,* at 575. It is true and it is not seriously argued to the contrary that there is no authority in Chapter 100 that even inferentially would grant the right of a local legislative body to limit judicial review of an action of local boards or commissions. Land use regulation is the subject of the grant of powers to local governments by the state. We conclude that the Fiscal Court ordinance referenced above, is invalid.

■ Finally, movants urge this Court to establish a limited time in which this type of suit may be filed against the decisions of legislative bodies. We decline to do so

because we believe that each case should be considered on its individual merits. The equities of all parties, and the rights of the public should be balanced on an individual case-by-case basis. Suffice it to say that in this case, the allegations raised by appellee in his independent action raise sufficiently important issues, in a timely manner, that we decline to rule that the action was filed too late.

The decision of the Court of Appeals is affirmed.

All concur, except GANT, J., who dissents in a separate opinion.

GANT, Justice, dissenting.

The reasons for my dissent are twofold. The first is well stated in Tarlock, *Kentucky Planning and Land Use Control Enabling Legislation: An Analysis of the 1966 Revision of K.R.S. Chapter 100*, 56 Ky.L.J. 556, 624 (1968), as follows:

> The legislation provides a uniform procedure for appeals to the circuit court.... Section 100.347 provides that "[a]ny person claiming to be injured or aggrieved by any final action of the planning commission or boards of adjustment" may appeal to the circuit court of the county in which the land lies thirty days after any final action of the commission or board. The requirement of a final action is a codification of the principle that the litigant must exhaust his administrative remedies before he is eligible for judicial relief. The legislation does not attempt to define final action, but, obviously, it means that the issue must have been considered and decided by the body with the power to implement its decision. This is made clear by KRS Section 100.-347(1) which specifies that "[f]inal action shall not include the commission's recommendations to other governmental bodies.

KRS 100.347 reads as follows:

**100.347. Appeals from commission or board of adjustment.**—Any appeal from commission action may be taken in the following manner:

(1) Any person or entity claiming to be injured or aggrieved by any final action of the planning commission or board of adjustments may appeal from the action to the circuit court of the county in which the land lies. Such appeal shall be taken within thirty (30) days after the final action of the commission or board. *Final action shall not include commission's recommendations made to other governmental bodies.*

(2) All appeals shall be taken in the appropriate circuit court within thirty (30) days after the action or decision of the planning commission or board of adjustments *and all decisions which have not been appealed within thirty (30) days shall become final.* After the appeal is taken the procedure shall be governed by the Rules of Civil Procedure. When an appeal has been filed, the clerk of the circuit court shall issue a summons to all parties, including the planning commission in all cases, and shall cause it to be delivered for service as in any other law action.

Chapter 100 of the Kentucky Revised Statutes clearly anticipates that the primary function of the planning commission shall be advisory. This intent is manifested by at least two statutes, as follows:

**100.211. Amendments to zoning regulations—Hearing—Special requirements for counties containing cities of first class.**—(1) A proposal for amendment to any zoning regulation may originate with the planning commission of the unit, with any fiscal court or legislative body which is a member of the unit, or with the owner of the property in question. Regardless of the origin of the proposed amendment, it shall be referred to the planning commission before adoption. The planning commission shall then hold at least one (1) public hearing after notice as required by KRS chapter 424 and make recommendations to the

various legislative bodies or fiscal courts involved, and it shall take a majority of the entire legislative body or fiscal court to override the recommendation of the planning commission.

(2) All procedures for public notice and publication as well as for adoption shall be the same as for the original enactment of a zoning regulation, except that, in counties containing a city of the first class, any notice by newspaper shall be published thirty (30) days prior to the public hearing, and shall include the street address of the property in question, or if one is not available, a geographic description sufficient to locate and identify the property, and the names of the two (2) streets on either side of the property which intersect the street on which the property is located. If the property is located at the intersection of two (2) streets, the notice shall designate the intersection by name of both streets rather than name the two (2) streets on either side of the property.

**100.215. Planning commission to approve changes in zoning regulations.** —Any legislative body in the planning unit must refer any change to the zoning regulation or official map regulation to the commission for its review before adoption. The commission shall review the proposal, and shall, within sixty (60) days from the date of its receipt, advise the legislative body whether it approves or disapproves of the change, and if it disapproves, state the reasons for disapproval. A majority of the entire membership of the referring legislative body shall be required to override the disapproval by the planning commission.

Studying Chapter 100 on the functions of the planning commission, I find only one function in which its action is final, that being approval or disapproval of a subdivision plat. Map amendments, adoption of official map, adoption of master plans, amendments of maps and plans, etc. all require approval or disapproval by the city or county legislative body. It is my opinion that the clear meaning of the statute is that, unless an appeal is taken to the circuit court within 30 days of approval or disapproval by the commission of a plat, or within 30 days of the approval or disapproval by the proper legislative body empowered with such—this being the final action—then the action of the planning commission and the action of the legislative body become final, pursuant to KRS 100.-347(2). To hold otherwise would constitute judicial repeal of a statute.

The majority's reliance on *Johnson v. LaGrew*, Ky., 447 S.W.2d 98 (1969), as authority for their holding is misplaced. Although the sole issue before the court in *Johnson* was whether a certified copy of the zoning ordinance must be filed on appeal, the court declared that KRS Chapter 100 does not authorize an appeal from a legislative body in zoning matters, citing five cases as authority, vis., *City of Louisville v. Koenig*, 290 Ky. 562, 162 S.W.2d 19 (1942); *Schloemer v. City of Louisville*, 298 Ky. 286, 182 S.W.2d 782 (1944); *City of Louisville v. Puritan Apartment Hotel Co.*, Ky., 264 S.W.2d 888 (1954); *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm.*, Ky., 379 S.W.2d 450 (1964); and *Puryear v. City of Greenville*, Ky., 432 S.W.2d 437 (1968). Not a single one of these five cases ever states that Chapter 100 fails to allow for an appeal from the decision of a legislative body approving or disapproving the recommendation of a planning commission. In fact, the case of *Louisville v. Puritan Apartment*, above, states that the commission is merely advisory and that the legislative body is the final arbiter of a zoning decision. The appeal from a recommendation was held premature in an excellent opinion by Commissioner Cullen in *Thomas v. Barnett*, Ky., 397 S.W.2d 781 (1966).

It has long been the law in the Commonwealth that all statutes must be construed to have some meaning. Unless the con-

struction urged by this dissent is adopted, KRS 100.347 will be a meaningless Act.

My second reason for dissenting is that the obvious purpose of KRS 100.347 in providing a 30-day limitation for appeal from final actions was to give some finality to these actions. To hold as the majority opinion does—that "each case should be considered on its individual merits" and that "equities of all parties and the rights of the public should be balanced on a case-by-case basis"—is an invitation to chaos. I can readily envision a plethora of cases, which an overburdened court system can ill afford, especially in light of the lack of a standard from this court by which a trial judge can evaluate the case before him. I can further divine the uncertainty which will inevitably follow when a successful applicant accomplishes a map amendment and a zoning change, and an ordinance is enacted pursuant thereto. Then eight and one-half months later, after buildings are torn down, new construction is commenced, tenants secured, money borrowed, etc., an action is filed by a party alleging to be aggrieved in which he founds his complaint on the arbitrariness of the commission or the legislative body. He seeks an injunction to prevent further construction, proof is then taken, cases are then tried, judgments rendered at some distant point, and a lengthy appeal process is commenced. This can all be avoided by a simple reference to the clear intention of the statute to provide finality.