Martha LESLIE, Appellant,

v.

CITY OF HENDERSON; Board of Commissioners of the City of Henderson; William L. Newman; Mike Farmer; William S. Brown; William T. Burton; Bobby Doom; J.L. Poole; and Betty K. Poole, Appellees.

No. 89–CA–814–S.

Court of Appeals of Kentucky.

Nov. 2, 1990.

Rudy C. Bryant, Henderson, for appellant.

Dorin Luck, King, Deep and Branaman, Henderson, for appellees.

Before HOWERTON, Chief Judge, and DYCHE and WEST, JJ.

WEST, Judge.

This is an appeal from a judgment of the Henderson Circuit Court dismissing an appeal of Martha Leslie, an aggrieved landowner, from a rezoning decision of the City of Henderson. The appellant argues that the circuit court erred in prematurely dismissing the appeal as not being taken within thirty (30) days of the final action of the Board of Commissioners of the City of Henderson. We hold that the Board's "final action" occurred on the date of the second or final required reading of the ordinance. Consequently, the circuit court erred in prematurely dismissing Martha Leslie's appeal. Hence, we reverse.

The appellees, J.L. Poole and Betty K. Poole, are owners of a certain tract of land in Henderson, Kentucky, which they sought to have rezoned from agricultural use to M–1, light industrial use. Accordingly, on July 5, 1988, J.L. Poole submitted rezoning application number 450 to the Henderson City/County Planning Commission (the "Commission"). As a result, the Commission held a hearing on Poole's application August 2, 1988, after which they recommended to the Board of Commissioners for the City of Henderson (the "Board") that the rezoning application be approved. Upon review of the matter and the recommendations of the Commission, the Board decided that the evidence submitted at the Commission hearing was not sufficient to support the rezoning recommendation. Pursuant to that decision, on September 13, 1988, at a regular meeting of the Board, a public hearing was held for the purpose of considering rezoning application number 450. At that hearing a motion to rezone the subject property to M–1 was unanimously approved by the Board. Thereafter on September 27, 1988, the first reading of the ordinance amending the official zoning map (ordinance number 45–88) was given by the Board, who then voted in favor of said ordinance. The second and final reading of the ordinance was given by the Board on October 11, 1988, whereby the Board again voted in favor of the ordinance. On November 7, 1988, appellant filed an appeal of the rezoning decision in the Henderson Circuit Court. Said appeal was dismissed by the Henderson Circuit Court on grounds that it was not filed

within thirty (30) days of final action of the Board as required by KRS 100.347(3).

KRS 100.347(3) as amended in *1988* now provides the following:

Any person or entity claiming to be injured or aggrieved by a final action of the legislative body of any city, county, or urban county government relating to a map amendment shall appeal from the action to the Circuit Court of the county in which the property which is the subject of the map amendment lies. *Such appeal shall be taken within thirty (30) days after the final action of the legislative body. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review....* (Emphasis added.)

KRS 100.347(5) added in *1988* the definition of "final action":

For purposes of this Chapter, final action shall be deemed to have occurred on the calendar date when the *vote is taken to approve or disapprove the matter pending before the body.* (Emphasis added.)

The appellees argued, and the circuit court agreed, that in this case the calendar date when the vote was taken to approve or disapprove the matter pending before the body was September 13, 1988, the date when the Board first approved the recommendation of the Commission to rezone the subject property. As such, since appellant filed her appeal November 7, 1988, it was not filed within the thirty (30) day limitation. Conversely, appellant argues that the date of the final action of the Board was on October 11, 1988, the date of the second reading of the ordinance evidencing the zoning change, whereby the ordinance was definitively enacted. As support for her position, appellant cites KRS 83A.060(4) and *Musser v. Leon Coal Processing Company,* Ky.App., 560 S.W.2d 833 (1978); ovr'ld by *Fiscal Court of Jefferson County, Kentucky v. Don Ridge Land Developing Company, Inc.,* Ky., 669 S.W.2d 922 (1984).

Any action taken by a legislative body of local government with regard to planning and zoning is done in the form of passing an ordinance. KRS 83A.060(4) mandates that, "Except as provided in subsection (7) of this section, [under an emergency, upon the affirmative vote of two-thirds of the membership], no ordinance shall be enacted until it has been read on two (2) separate days." Thus, the appellant maintains that the approval of the ordinance at the requisite second reading constitutes the "final action" of the Board "(approving) the matter pending before the body." The holding of *Musser, supra,* is consistent with appellant's reasoning.

In *Musser, supra,* the Court was confronted with the same issue with which we are concerned in the instant case, that of what constitutes the "final action" in a zoning decision. *Musser* held that the "final action" is the passing of the ordinance effecting change by the legislative body, which was found to be the date of the second reading of the ordinance when it was approved for the last time. However, it should be noted here that *Musser* was decided prior to the 1988 legislative amendments to the zoning statutes which changed KRS 100.347. The two (2) major changes made were that KRS 100.347 was extended to final actions of the legislative body of any city, county or urban county government and that "final action" was specifically defined as stated previously. Prior to 1988, the statute only applied to the "final action" of the planning commission or board of adjustments and with regard to what constitutes a "final action," the statute simply stated that "all appeals should be taken in the appropriate Circuit Court within thirty (30) days *after the action or decision* of the planning commission or board of adjustments...."

Contrary to the circuit court's view of *Musser* in the case at bar, we do not feel that the changes in the statute are such that they preclude the reasoning in *Musser* from being followed in the instant case under the new law. The new law now simply extends the application of KRS 100.347 to legislative bodies of local government as was prematurely done in *Musser* [1]

---

**1.** *Musser, supra,* was overruled in 1984 by *Fiscal*

*Court of Jefferson County, Kentucky, supra,* to

and the language in neither the old law nor the new law is clear as to what date constitutes "final action."

Accordingly, we hold that the "final action" in the present case was on October 11, 1988, when the ordinance was given its second reading and final passage. Hence, appellant's appeal to the circuit court was timely. With regard to judicial economy, interpreting the statute otherwise could lead to an unsound result. It is possible that one could appeal from the initial zoning change decision and have the matter heard, only to find that the ordinance effecting the change did not pass, rendering the circuit court's action for naught. We do not believe the legislature intended such a result.

For the reasons stated above, we reverse and remand this case to the Henderson Circuit Court for consideration of the herein appeal.

All concur.

the extent that *Musser* extended the application of KRS 100.347 to a local government legislative body at that time. As a reaction to the holding in *Fiscal Court of Jefferson County, Kentucky,* *supra,* to that effect, the amendments to KRS 100.347 were passed which now extend its application to legislative bodies of local government.