Terry SPAINHOWARD, Appellant,

v.

**HENDERSON, HENDERSON COUNTY BOARD OF ZONING ADJUSTMENT; Robby Mills; Buena Taylor; W.D. Owens; Mike Sauer; George Austin; and Dorothy Willingham, Appellees.**

No. 1998–CA–002440–MR.

Court of Appeals of Kentucky.

Dec. 3, 1999.

---

10.   155 N.J. at 50, 713 A.2d at 1017.

John R. Tarter, Neel, Wilson, & Clem, Henderson, Kentucky, for Appellant.

Joseph E. Ternes, Jr., Henderson, Kentucky, for Henderson, Henderson County Board of Zoning Adjustment; Robby Mills; Buena Taylor; W.D. Owens; Mike Sauer; and George Austin.

William F. Polk, Jr., Polk & Polk, Henderson, Kentucky, for Appellee Dorothy Willingham.

BEFORE: GUDGEL, Chief Judge; HUDDLESTON and SCHRODER, Judges.

## OPINION

HUDDLESTON, Judge.

Henderson Circuit Court dismissed Terry Spainhoward's appeal from the Henderson, Henderson County Board of Zoning Adjustment because he failed to exhaust his administrative remedies. The sole issue presented in Spainhoward's appeal to this Court is whether the Board's determination that a recycling business is an inappropriate use within a general business district is a final action subject to judicial review when the Board would have permitted the business to continue operating, at least temporarily, had it filed for a conditional use permit.

Seeking to operate a recycling business, Spainhoward submitted an application to the City of Henderson for a business license and a certificate of occupancy. The codes administrator for the City of Henderson determined that under Section 19.02 [1] of the Henderson Zoning Code, the recycling center was a retail business, and thus a permitted use in a general business district. Dorothy Willingham, a nearby property owner, appealed the administrator's decision to the Henderson, Henderson County Board of Zoning Adjustment.[2] The Board, finding the recycling center to be an inappropriate use, voted to reverse the administrator's decision. The Board also decided that if Spainhoward sought a conditional use permit,[3] he could continue operating until the next board meeting. Spainhoward instead elected to seek judicial review of the Board's reversal in Henderson Circuit Court.[4]

---

1. Section 19.02 of the Henderson Zoning Code provides, in part, that "[i]n all GB [general business] districts, no building or land except as otherwise provided in this ordinance, shall be erected or used except for the following specified uses: . . . (pp) [a]ny retail business or retail service. . . ."

2. Kentucky Revised Statute (KRS) 100.257 provides for review by the board of adjustment of an administrative official's action:

    The board of adjustment shall have the power to hear and decide cases where it is alleged by an applicant that there is error in any order, requirement, decision, grant, or refusal made by an administrative official in the enforcement of the zoning regulation. Such appeal shall be taken within thirty (30) days.

3. Section 19.03(a) of the Code states that "[i]f a commercial use not listed above is proposed, the prospective developer shall request a conditional use permit on the basis that the proposed use would not be detrimental to the development of the general business district."

4. KRS 100.347(1) provides for judicial review from a board of adjustment's final action:

    Any person or entity claiming to be injured or aggrieved by any final action of the board of adjustment shall appeal from the action to the Circuit Court of the county in which the property, which is the subject of the action of the board of adjustment, lies. Such appeal shall be taken within thirty (30) days after the final action of the board. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. The board of

Spainhoward argued that the Board took final action when it voted to reverse the codes administrator's decision. The circuit court disagreed and concluded that "the Board was clearly in the middle of its decision making process" because it "specifically told [Spainhoward] that he should apply for a conditional use permit" and "voted that [Spainhoward] could maintain [his] business as it was until the next monthly meeting so long as he pursued the option of the conditional permit." Consequently, the court dismissed Spainhoward's appeal for failure to exhaust administrative remedies.

We must determine whether the circuit court correctly held that the Board's ruling that Spainhoward's recycling business is an inappropriate use within a general business district was not a final action. If it was, the circuit court should have ruled on the merits of Spainhoward's appeal.[5] According to KRS 100.347(5), final action occurs "on the calendar date when the vote is taken to approve or disapprove the matter pending before the body." The transcript of the Board's proceedings identifies the matter pending before it.

**Board Member:** Everybody realizes that Becky's [the codes administrator] made an interpretation for Mr. Spainhauer [sic] to operate his facility there, and the neighbors complained about various things. And they— they are asking us as a Board to decide whether her interpretation is right, whether a recycling facility is allowed, or should be allowed, to operate in the general business district, which this is.

**Ms. Watson** [the codes administrator]: I think you might point out that maybe the heart of the interpretation was that

it's a retail service or retail business. So you need to decide if you think that's a retail business or not.

**Board Member:** Yeah.

The transcript also indicates how the Board resolved the matter.

**Board Member:** Motion would be in order concerning Mrs. Watson's interpretation. And her interpretation was that it [the recycling center] is a retail service business that is okay to be run in a general business district.

. . . .

**Board Member:** [T]he Board voted to not uphold the building inspector's interpretation in that we believe that this use is not a general business use.

After voting to reverse the codes administrator's decision, the Board also voted to permit Spainhoward to continue operating for one month if he applied for a conditional use permit.[6]

**Board Member:** Mr. Spainhauer [sic] still has the option to petition the Board— this Board, again for a conditional use, which would bring him back again for him to talk about What [sic] he's doing in his business.

. . . .

**Board Member:** I move that we instruct Mr. Spainhauer [sic] to— that he could continue doing business in an orderly fashion for the next month, as long as he's pursuing it [filing for a conditional use permit].

. . . .

**Board Member:** Okay. It passes unanimously. Okay.

The matter pending before the Board was whether Spainhoward's recycling center is a retail business and, thus, a permit-

adjustment shall be a party in any such appeal filed in the Circuit Court.

**5.** *Id.*

**6.** KRS 100.111(6) defines conditional use as: [A] use which is essential to or would promote the public health, safety, or welfare in

one (1) or more zones, but which would impair the integrity and character of the zone in which it is located, or in adjoining zones, unless restrictions on location, size, extent, and character of performance are imposed in addition to those imposed in the zoning regulation[ ].

ted use in a general business district. The Board voted that it was not. Therefore, final action occurred. The availability of the conditional use permit does not affect the finality of the Board's vote.

■ We agree with the circuit court that an aggrieved party must exhaust his administrative remedies prior to seeking judicial review.[7] Unlike the circuit court, however, we believe Spainhoward has exhausted those remedies. He applied for a business license and a certificate of occupancy. The codes administrator determined that the recycling center was a retail business and the City issued him a license. A nearby property owner then appealed, pursuant to KRS 100.257, to the Board. The Board conducted a hearing and voted to reverse the codes administrator because it determined that a recycling center is not a permitted use in a general business district. Subsequently, Spainhoward appealed, pursuant to KRS 100.347(1), to the Henderson Circuit Court.

The Board would have allowed Spainhoward to continue operating the recycling center for an additional month had he applied for a conditional use permit. Yet operating under a conditional use permit requires additional restrictions. Kentucky's highest court said in *Davis v. Richardson*[8] that:

> In the instance of the conditional use permit procedure, where the particular use is made permissible in any zone, the board of adjustment is required to make an ad hoc determination on a case-by-

case basis of the effect of permitting the use on the public health, safety or welfare in one or more zones, and also to determine the degree of impairment upon the integrity and character of the zone in which it is located or in adjoining zones. The board is also directed and empowered to impose restrictions in addition to those imposed in the applicable zone regulation in order to relieve the degree of impairment upon the integrity and character of the affected zone and adjoining zones.

Even if the Board later voted to allow Spainhoward a conditional use permit, this fact would not change its decision that the recycling center is not a permitted use. It would only confirm that decision as Section 19.03 of the Henderson Code provides that a conditional use is "a commercial use not listed above [permitted uses] . . . ." Moreover, if Spainhoward obtains the conditional use permit, additional restrictions will inevitably be imposed. These restrictions would not be required had the Board found that the recycling center was a permitted use. Spainhoward is not required to wait until the Board votes on the conditional use application before seeking circuit court review of the Board's decision when that vote will have no impact on the Board's prior decision.

While this case is factually distinguishable from our decision in *Leslie v. City of Henderson*,[9] our rationale in that case is instructive. In *Leslie* we decided when the thirty-day appeal period from a rezoning decision of the board of commissioners

**7.** *See Swatzell v. Commonwealth*, Ky., 962 S.W.2d 866, 869 (1998) (" 'where an administrative remedy is provided by the statute, relief must be sought from the administrative body and this remedy exhausted before the courts will take hold' ") (quoting *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557 (1948)).

**8.** Ky., 507 S.W.2d 446, 448 (1974).

**9.** Ky.App., 797 S.W.2d 718 (1990). *See also* KRS 100.237(1) and (2). KRS 100.237(1) states, in part, that:

> The board may approve, modify, or deny any application for a conditional use permit. If it approves such permit it may attach necessary conditions such as time limitations, requirements that one (1) or more things be done before the request can be initiated, or conditions of a continuing nature.

KRS 100.237(2) provides that the "[g]ranting of a conditional use permit does not exempt the applicant from complying with all of the requirements of building, housing, and other regulations."

begins to run.[10] We held "that the Board's 'final action' occurred on the date of the second or final required reading of the ordinance."[11] Since, generally, a second reading is required before an ordinance is enacted, we stated "[i]t is possible that one could appeal from the initial zoning change decision and have the matter heard, only to find that the ordinance effecting the change did not pass, rendering the circuit court's action for naught."[12] Unlike the commissioners in *Leslie,* when the Board voted that a recycling center is not a permitted use, no further action by the Board, including the granting of a conditional use permit, would impact its decision. Therefore, a decision by the circuit court regarding whether the Board appropriately determined that the recycling center is not a permitted use would not be "for naught."

The matter pending before the Board was whether Spainhoward's recycling center was a permitted use in a general business district. It took final action on this matter when it voted that the use was not permitted. As a result, the circuit court should not have dismissed Spainhoward's appeal. Therefore, we reverse the order dismissing Spainhoward's appeal and remand this case to Henderson Circuit Court for further proceedings.

ALL CONCUR.

10. *Leslie,* 797 S.W.2d at 718.

11. *Id.*

12. *Id.* at 720.