**CITY OF BOWLING GREEN, Kentucky, and Board of Commissioners of City of Bowling Green, Kentucky, et al., Appellants,**

v.

**J. S. HUNT, Sr., et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 6, 1974.

Whayne C. Priest, Jr., Philip I. Huddleston, Bowling Green, for appellants.

G. D. Milliken, Jr., Bowling Green, for appellees.

Charles E. English, Harlin, Parker, Lucas & English, Bowling Green, for Amici Curiae.

REED, Justice.

This is a zoning case. The circuit court held that the city legislative body's refusal to rezone appellees' property from a residential classification to a commercial classification was arbitrary. The city appeals. We reverse because we have concluded that the circuit court was without authority to disturb the decision of the city legislative body on the record presented.

The appellees, landowners who sought the zone change, own two tracts of real estate on which are located residences. One of the landowners makes his home on the northeast corner of Nashville Road (Highway 31-W) and Loving Avenue in Bowling Green. The other landowner owns the adjacent property and lives next door. Approximately 30 yards north of Loving Avenue, Highway 31-W (Nashville Road) makes a "Y" intersection. To the left is Chestnut Street (still 31-W), to the right is 31-W bypass. Land adjoining the bypass, north of the "Y" intersection, was rezoned from residential to commercial use upon the recommendation of the Planning Commission adopted by the city legislative body. In the ordinance rezoning this property, some of which is to the north of appellees' property and adjacent thereto, the city legislative body recited findings that major physical, social and economic changes affecting *the property proposed and recommended for rezoning had occurred.*

The appellees' application for rezoning was based upon the contention that the previous rezoning established that their property was entitled to the same findings and treatment. They also introduced evidence *that their property would acquire* more economic value if zoned commercial instead of residential. A number of owners of residential property located adjacent to and in close proximity to appellees' property objected. They introduced evidence that so far as the property of appellees' was concerned there had been no major unanticipated changes; that by reason

of the location of the "Y" intersection, extension of commercial development would cause a more severe traffic problem. The planning director testified that the general neighborhood was already developed as a residential area that did not have streets adequate to handle the increased traffic which would result from the additional proposed commercial zoning.

Although the planning commission, consistent with its previous decision concerning the property north of appellees' property, recommended the change to commercial zoning, the legislative body held its own trial-type hearing at which the evidence which we have generally outlined was introduced and transcribed. The legislative body refused to grant the zone change sought by appellees.

We think the parties and the trial court misapprehended the rules enunciated in City of Louisville v. McDonald, Ky., 470 S.W.2d 173 (1971). The hearing afforded by the legislative body in this case observed all requisite due process requirements. Judicial review was confined to the record made before the legislative body.

As McDonald makes clear, the function of judicial review in this case, which presents a decision by the legislative body to refuse to rezone, is to determine whether or not the evidence in the record made before the legislative body showed a compelling need for the rezoning sought or clearly demonstrated that the existing zoning classification was no longer appropriate. The discussions in the briefs concerning the existence of substantial evidence are irrelevant.

The decision of the legislative body amounted to a declaration that the showing made by the property owners who sought the change in zone neither established a compelling need for the rezoning nor sufficiently demonstrated that the existing zoning classification was no longer appropriate.

Boundary lines must be drawn somewhere. If we were to say that the zoning of the adjacent property compulsorily required a change, then consistency would require that the predominance of residential property would mandate the elimination of commercial zoning of property where it is adjacent to a residential zone. The authorities upon whom the duty to zone and rezone is imposed could have been reasonably persuaded by the evidence in support of the zone change, but they were not. In view of the contradictory relevant evidence, it is our view that in this case a reviewing court cannot properly say that the evidence for the appellees was so conclusive and compelling concerning the need for the change in classification or the appropriateness of the existing zoning that the decision of the legislative body can be declared arbitrary.

The judgment is reversed with directions to enter a new judgment affirming the decision of the city legislative body.

All concur.