Daryle RATLIFF; Board of Zoning Adjustments and Pikeville Kentucky Planning Zoning Commission, Movants,

v.

Arnold PHILLIPS and City of Pikeville, Respondents.

No. 87-SC-326-DG.

Supreme Court of Kentucky.

March 3, 1988.

H. Edward Maddox, Pikeville, for movants.

Miller Kent Carter, Lawrence R. Webster, Pikeville, for respondents.

LAMBERT, Justice.

Resolution of this appeal requires construction of KRS 100.263. Reversing the circuit court, the Court of Appeals held that failure of the Board of Zoning Adjustment to render its decision within sixty days after the hearing divested the Board of jurisdiction. As this issue appears to be of first impression (CR 76.20), we granted discretionary review and now reverse the Court of Appeals.

Respondent, Arnold Phillips, sought a permit to locate a house trailer on a lot in an R-2 zone in the city of Pikeville. The city building inspector made an initial determination favorable to respondent and the permit was granted. Movant, Daryle Ratliff, and others, objected and appealed to the Board of Zoning Adjustment. On April 23, 1984, the Board conducted a hearing, but no decision was rendered until November 14, 1984, nearly seven months after the hearing.

When the Board finally rendered its decision, the building inspector was reversed and the permit withdrawn. Respondent then appealed to the circuit court and in detailed findings of fact and conclusions of

law, that court held, in effect, that the action of the Board was not arbitrary (*Morris v. City of Catlettsburg*, Ky., 437 S.W.2d 753 (1969)) and that failure of the Board to render a decision within the time required by statute was not prejudicial. Judgment was entered affirming the Board.

Respondent appealed to the Court of Appeals. Without addressing the other issues raised, the Court of Appeals reversed the circuit court and held that after the expiration of sixty days, the Board lost jurisdiction to render a decision. It said:

> ... KRS 100.263 confers upon a Board of Adjustments jurisdiction to adjudicate an appeal for a period of sixty days following its evidentiary hearing, and in the event it fails to do so, it loses that jurisdiction and the order or decision appealed from stands as final.

Based solely on the failure of the Board to act within the time required by statute, the Court of Appeals directed reinstatement of the building inspector's determination.

The statute before us, KRS 100.263, contains the following provision:

> [A]nd (the Board) shall decide it (the appeal) within sixty (60) days.

Movant contends that the word "shall" should be construed to effectuate the underlying purpose of the statute. He argues that this purpose is the prompt resolution of zoning disputes. We are urged to consider legislative intent, possible prejudice to the parties, and the consequence of construction one way or the other. Respondent argues to the contrary that the word "shall" is mandatory and jurisdictional; that KRS 446.010(29) allows but one construction.

Without any doubt, the Legislature intended that a decision be rendered by the Board within sixty days. It does not follow, however, that failure of the Board to comply with the statute automatically divests its jurisdiction. To reach such a conclusion, it would be necessary to imply language which the statute does not contain. Inasmuch as the Board acquired jurisdiction by the express statutory grant of

KRS 100.217, such may not be withdrawn by implication.

■ In addition to the absence of any express divestiture of jurisdiction, we believe there is a more fundamental reason the Legislature did not intend the construction urged by respondent and adopted by the Court of Appeals. The Board of Zoning Adjustment is an integral component of the process of adjudication of zoning disputes. The Board conducts a hearing replete with due process guarantees and renders findings of fact, conclusions of law, and a decision on the merits. Removal of the Board from the process of adjudication would constitute elimination of the fact-finder and the parties would be without any record upon which to prosecute or defend an appeal. Indeed, it is doubtful that any appellate right would exist. KRS 100.-347. Divestiture of the Board's jurisdiction would, in every case, result in the affirmance of the building inspector's decision and would eviscerate the Act. Surely, this was not the intent of the Legislature as such would violate the constitutional right of due process of law.

What remedy exists then to compel a recalcitrant Board of Zoning Adjustment to discharge its statutory duty? May such a Board indefinitely postpone its decision or is a remedy available to the parties?

■ It has long been the law that the remedy of mandamus is available to compel a public officer to perform his duties. *Kavanaugh v. Chandler*, 255 Ky. 182, 72 S.W. 2d 1003 (1934); *Akins v. Peak*, 239 Ky. 847, 40 S.W.2d 324 (1931); *Childers v. Stephenson*, Ky., 320 S.W.2d 797 (1959); *Evans v. Thomas*, Ky., 372 S.W.2d 798 (1963); *Kaufman v. Humphrey*, Ky., 329 S.W.2d 575 (1959). See also *Dubick v. Dubick*, Ky. App., 653 S.W.2d 652 (1983). When the law imposes a time limitation upon the performance of such duty, the remedy of mandamus is available at the expiration of the time allowed. In the case at bar, sixty days from the date of the hearing, either movant or respondent would have been entitled to a writ of mandamus from the circuit court to compel the Board to decide the case.

In addition to the remedy of mandamus, KRS 100.991 subjects members of the board to criminal penalties for violation of KRS 100.201 to 100.347. Upon conviction, a fine of not less than ten dollars ($10) nor more than five hundred dollars ($500) may be imposed and each day of violation constitutes a separate offense. Interestingly, the penalty statute, KRS 100.991, strongly suggests that the board retains jurisdiction to act after the expiration of sixty days. It would be impermissible to impose criminal sanctions upon one for failure to do an act he is without power to do. Finally, KRS 100.157 subjects board members to removal for inefficiency, neglect of duty, malfeasance, or conflict of interest.

■ In summary and notwithstanding use of the word "shall," we believe the Legislature intended the time requirement of KRS 100.263 to be directory rather than mandatory. *Webster County v. Vaughn,* Ky., 365 S.W.2d 109 (1962). Support for this view is also found in the Court of Appeals decision, *Dubick v. Dubick, supra,* construing KRS 454.350. While that statute differs from the statute before us now, the reasoning of the Court in arriving at its decision is sound.

For the foregoing reasons, the decision of the Court of Appeals is reversed and this cause remanded to the Court of Appeals for consideration of such other issues as may have been raised by appellant in that Court but not decided on the merits.

GANT, LEIBSON, STEPHENSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which STEPHENS, C.J., joins.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because I believe the majority opinion fashions an equitable result by means of a very strained construction of the clear language of the law.

Both by dictionary definition and legislative enactment the word "shall" means mandatory. KRS 446.010 (29). In the common understanding of most individuals, the word "shall" means must and such a view is supported by the dictionary and the statute. The dilemma forced upon the majority in this matter is very understandable because it is based on a judicial interpretation of the unambiguous word "shall."

The real root of this problem lies in the capacity that courts have to ignore the plain meaning of a word like "shall." As an example, *Davidson v. Board of Education,* 225 Ky. 165, 7 S.W.2d 1056 (1928) states that whether a particular statute is mandatory or directory does not depend on its form, but on the intention of the legislature which is to be ascertained from a consideration of the entire act and the consequences that would result from construing it one way or the other. *Davidson, supra,* further asserts that where the directions of a statute are given merely for the prompt conduct of business, the provisions may generally be regarded as directory. *Davidson* appears to be based on the rationale of *Jones v. Steele,* 210 Ky. 205, 275 S.W. 790 (1925) which holds that a statute which gives directions to accomplish a particular end and the merits are not affected although the directions are not complied with, such statutes are considered directory and not mandatory. It has also been said that a statute is directory if it relates to some immaterial matter or does not reach the substance of the thing to be done, and if by omission, the rights of those interested will not be prejudiced. *See Fannin v. Davis,* Ky. 385 S.W.2d 321 (1964). The trouble with accepting such a rationale is that it does not follow the law as clearly stated, which is that a Board of Adjustment shall render its decision within 60 days. To interpret the statute in some other way is really to say that the legislature does not mean what it says when it enacts a law containing the word "shall."

As noted by the Court of Appeals, the General Assembly did not provide for a specific remedy when the decision of the Board is not forthcoming within the time designated. The statute does provide that any person who violates any of the provisions of the law could upon criminal conviction be fined from $10 to $500 for each day

of violation. KRS 100.991 (1). Here this could mean a fine of from $2,050 to $102,500. This remedy is not civil but rather criminal. This case is prosecuted as a civil appeal by an applicant for a building permit. Several other states have considered similar problems and concluded that the mandatory provisions of their laws result in the loss of jurisdiction. Pennsylvania in *Humble Oil & Refining Co. v. The Borough of East Lansdowne*, 424 Pa. 309, 227 A.2d 664 (1967); New York in *Anthony v. Liberman*, 175 N.Y.S.2d 743, 13 Misc.2d 335 (1958); Massachusetts in *Burwick v. Zoning Board of Appeals of Worchester*, 1 Mass.App. 739, 306 N.E.2d 455 (1974) and Connecticut in *Vartuli v. Sotire*, 192 Conn. 353, 472 A.2d 336 (1984).

In my view it is necessary to hold that KRS 100.263 confers jurisdiction on the Board of Adjustment to adjudicate an appeal for a period of sixty days following its evidentiary hearing, and in the event it fails to do so, the Board loses jurisdiction with the result being that the decision appealed from is then final. If this result appears harsh, then the alternative is for the General Assembly to enact additional legislation to redress the problem.

STEPHENS, C.J., concurs in this dissent.