ROBERT L. MARANDINO ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF GREENWICH
(6889)

Argued January 18—decision released May 8, 1990

*John H. Reilly,* assistant town attorney, for the appellant (defendant).

*Harry T. Constas,* for the appellees (plaintiffs).

MULCAHY, J. The defendant planning and zoning commission appeals from the judgment of the trial court sustaining the plaintiffs' appeal from the denial of their application for site plan approval for the construction of an office building on Route 1 in Greenwich. The dispositive issue is whether the trial court erred in holding that the plaintiffs' application was approved by operation of law, pursuant to General Statutes § 8-7d (b),[1] because the commission failed to render a decision thereon within sixty-five days of the date of the Superior Court's remand order. We find no error.

The facts are not in dispute. On February 12, 1985, the plaintiffs filed an application for site plan approval as owners of real property known as 1297 E. Putnam Avenue (Route 1), Greenwich.[2] Following a hearing held on September 4, 1985, the application was denied "without prejudice." The plaintiffs appealed to the Superior Court from the denial of their application and, on January 15, 1987, the trial court sustained the appeal and remanded the matter. The commission conducted a second hearing and, on April 7, 1987, it again denied the plaintiffs' application, this time noting that the plaintiffs' proposal did not conform to the amendments to the zoning regulations adopted in June and September, 1986.[3] The plaintiffs appealed a second time

[1] General Statutes § 8-7d (b) provides: "Whenever the approval of a site plan is the only requirement to be met or remaining to be met under the zoning regulations for a proposed building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan. The applicant may consent to one or more extensions of such period, provided the total period of any such extension or extensions shall not exceed two further sixty-five-day periods, or may withdraw such plan."

[2] The application for preliminary site plan approval lists Robert L. Marandino as the property owner, and R.L.M., Inc., as the name of the project.

[3] The minutes of the April 7, 1987 commission meeting set forth in pertinent part:

to the Superior Court, claiming that the commission improperly applied the new zoning regulations, and that the application had been approved by operation of law due to the commission's failure to render its decision within sixty-five days of the January 15, 1987 remand. The trial court sustained the appeal on the basis of the commission's noncompliance with the sixty-five day limitation imposed by § 8-7d (b). Since the plaintiffs' application had been approved by operation of law, the trial court ruled that it was unnecessary to consider the effect of the amendments to the zoning regulations.

The defendant claims that the trial court erred in holding that the sixty-five day countdown under § 8-7d (b) started on January 15, 1987, the date of entry of judgment in the original appeal. The defendant argues that this countdown should have begun twenty days after that date because the defendant had twenty

"Whereas, the Planning and Zoning Commission held a Public Hearing on March 24, 1987;

"Whereas, the Commission considered all testimony presented at the hearing;

"Whereas, the Commission noted that the new zoning regulations effecting the LB and LBR commerical zones were adopted in September of 1986 after an extensive Town-wide study of the two local business zones. The study was conducted with the assistance of outside consultants and resulted in the presentation of a comprehensive report dated May 2, 1986. In response to the findings of that report the Commission adopted regulation for Town-wide changes in the two commercial zones;

"Whereas, the Commission in reviewing the project observed that the proposal did not conform to the current 'Building Zone Regulations, Greenwich, Connecticut' as noted by the Zoning Enforcement Officer in his review sheet dated 3/20/87 . . . .

"Therefore Be It Resolved, that the application of Robert L. Marandino - R.L.M., Inc. for a special permit and preliminary site plan . . . at 1297 E. Putnam Avenue in the LB zone pursuant to Section 6-17 and Section 6-101 of the 'Building Zone Regulations, Greenwich, Connecticut' on remand from the court is hereby denied. . . .

"The resolution was unanimously adopted. . . ."

days in which to petition the Appellate Court to certify the case for further review.[4] In other words, the defendant urges us to enlarge the statutory sixty-five day period by an additional twenty days. Such result would make timely the commission's denial of the plaintiffs' application.

We agree with the trial court that the entry of judgment triggered the sixty-five day statutory period. When the Superior Court remands a zoning appeal with direction that the zoning commission reconsider the plaintiff's application and the commission, as in this case, does not petition for appellate review of that decision, the entry of the Superior Court's judgment triggers the running of the sixty-five day period under § 8-7d (b). *Gervasi* v. *Town Plan & Zoning Commission,* 184 Conn. 450, 452, 440 A.2d 163 (1981); see also *Pelliteri Chevrolet, Inc.* v. *Zoning Board of Appeals,* 21 Conn. App. 347, 573 A.2d 347 (1990).

There is no error.

In this opinion the other judges concurred.

---

[4] General Statutes § 8-8 (g) provides that review of a zoning decision beyond the Superior Court level is by certification only. Practice Book § 2030 provides: "A petition for certification shall be filed within twenty days from the issuance of notice of the decision of the trial court."