**CITY OF LYNDON, Appellant,**

v.

**James R. PROUD, Appellee.**

**No. 94–CA–000288–MR.**

Court of Appeals of Kentucky.

May 26, 1995.

James H. Highfield, Louisville, for appellant.

John G. Carroll, Louisville, for appellee.

Before EMBERTON, HOWERTON and MILLER, JJ.

EMBERTON, Judge.

Appeal is taken from a summary judgment in favor of the appellee, James R. Proud, in which the trial court held that the city's passage of a *resolution* rejecting the recommendation of the Louisville and Jefferson County Planning Commission for a zon-

ing change was insufficient; and that the Commission's recommendation was deemed to have passed as a matter of law. The sole issue presented is whether the passing of a resolution is sufficient to deny the recommendation under Kentucky Revised Statute (KRS) 100.211, or whether the City was required to act by ordinance within the prescribed time period of the statute.

Mr. Proud owns a tract of land situated in the City of Lyndon. The property is zoned C–1 commercial and R–4 residential. He petitioned to change the entire tract to C–M commercial/manufacturing in order to construct a warehouse and office building behind his existing antique shops.

The Planning Commission held a public hearing on February 18, 1993, at which time there was no opposition to the proposed change. The Commission, on the same date, entered its findings of fact and unanimously recommended to the City that the change be approved.

On May 10, 1993, following a series of three meetings, but without a public hearing, the City read and unanimously passed a resolution denying the Commission's recommendation. The resolution also enumerated the reasons for denial. On June 14, 1993, the City read and approved the minutes from the May 10, 1993, meeting.

Mr. Proud appealed the City's denial to the Jefferson Circuit Court alleging that the City did not take final and effective action to override the Commission's recommendation within 90 days as required by KRS 100.211(7), and that the City's action was arbitrary and capricious. The issues were severed, and following briefs by counsel, the trial court rendered its summary judgment.

Mr. Proud maintains, and the trial court held, that the only method by which a City can refuse the recommendation of the Planning Commission is by ordinance. KRS 100.211 sets forth the procedure the City Council must follow when considering planning and zoning matters: the Planning Commission must hold a public hearing, make findings of fact, and return the proposed map amendment with a recommendation of approval, disapproval, or no recommendation.

Subsection (1) then provides that after a recommendation is made:

> . . . Unless a majority of the entire legislative body or fiscal court votes to override the planning commission's recommendation, such recommendation shall become final and effective and if a recommendation of approval was made by the planning commission, the ordinance of the fiscal court or legislative body adopting the zoning map amendment shall be deemed to have passed by operation of law.

The statute refers to an ordinance only in the event that the recommendation is approved by the legislative body. It is apparent from the statutory language, and existing case law, that an ordinance is required to effectuate a map amendment. *Leslie v. City of Henderson*, Ky.App., 797 S.W.2d 718 (1990).

The statute is silent, however, as to whether an ordinance is required to deny a commission's recommendation. Our review of the earliest through the most recent case law where planning commissions' recommendations have been denied by local legislative bodies reveals that such denials have been accomplished through both resolutions and ordinances. *See,* e.g., *City of Bowling Green v. Hunt*, Ky., 516 S.W.2d 647 (1974); *City of Glasgow v. Holmes*, Ky., 885 S.W.2d 957 (1994). Apparently, this is the first case where the question of effectiveness of either method has been raised.

In *Leslie, supra*, the court made the sweeping statement that "[a]ny action taken by a legislative body of local government with regard to planning and zoning is done in the form of passing an ordinance." The issue dealt with in *Leslie* was, whether upon approval of a recommendation, the 30 day time period to appeal begins from the first or second reading of the ordinance. The court's use of the term "any action" is dicta and not, as appellee proposes, controlling when the recommendation has been denied.

 It is clear that certain due process considerations are present whenever a zoning case is presented which affects a particular person. As stated in *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173, 178 (1971):

... Here the local legislative body is not acting in a policy-making or law-making role, as the statute makes abundantly clear; it rather is acting in an adjudicatory fashion to determine whether a particular individual by reason of particular facts peculiar to his property is entitled to some form of relief. Therefore, procedural due process requires at least that the local legislative body in rezoning matters act on the basis of a record and on the basis of substantial evidence. (Footnote omitted).

However, due process does not require that the denial of a recommendation be in any particular form. The record before the body must reveal that the action was not arbitrary and capricious and, upon review, the evidence must show that there was a "compelling need for the rezoning sought or clearly demonstrate that the existing zoning classification is no longer appropriate." *Id.* at 179. The resolution passed by the City states the reasons for the denial. Whether those reasons are sufficient and based on the record so as to have afforded appellee due process is an issue separate from that now presented and will be referred to the trial court on remand.

In *Bradshaw v. Yager*, Ky., 265 S.W.2d 486, 488 (1953), the court described the difference between an ordinance and a resolution:

> ... A resolution ordinarily is thought of as ministerial and temporary in character, whereas an ordinance prescribes a permanent rule of conduct and is the usual mode by which municipal legislative acts are adopted.

We agree that consideration of zoning matters is generally adjudicatory in nature. However, a denial is purely ministerial and does not prescribe any permanent rule of conduct. The conduct of the property owner remains controlled by the effective zoning map and applicable regulations. We hold that if the majority of the entire legislative body votes to override the recommendation of the Commission, a timely expression of its action in the form of a resolution is sufficient. KRS 100.211.

Last, the resolution was clearly final on the date it passed, May 10, 1993, and was within the 90 day period in which the City must act to disapprove a recommendation. KRS 100.347(5). The administrative task of approving the minutes at the following meeting did not affect the finality of the resolution.

This case is reversed and remanded for proceedings consistent with this opinion.

All concur.