THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, INC., Appellant,

v.

ALBERT OIL COMPANY, INC.; City Council of Jeffersontown Kentucky; Clay Forman, in his official capacity as a member of the City Council of Jeffersontown, Kentucky; Sherman Kline, in his official capacity as a member of the City Council of Jeffersontown, Kentucky; Carol Pike, in her official capacity as a member of the City Council of Jeffersontown, Kentucky; Kathryn Roark, in her official capacity as a member of the City Council of Jeffersontown, Kentucky; Daniel H. Ruckriegel Sr., in his official capacity as Mayor of Jeffersontown, Kentucky, Appellees.

William Montfort HELM and Louisville and Jefferson County Planning Commission, Appellants,

v.

COMMITTEE TO PROTECT THE PROSPECT AREA, INC.; City of Prospect and City Council of Prospect, Kentucky; City of Graymoor–Devondale; Grover Cox; Billy Henry; Allyne Anderson; Thelma Poe; Betty Bandy; Henry Jarrett; and Robert Farnon, Appellees.

CITY OF PROSPECT and City Council of Prospect, Kentucky; the Committee to Protect the Prospect Area, Inc.; Alan C. Simon; and John Kington, Appellants,

v.

LOUISVILLE AND JEFFERSON COUNTY PLANNING COMMISSION and William Montfort Helm, Appellees.

Nos. 96–SC–42–DG, 96–SC–54–DG and 96–SC–797–DG.

Supreme Court of Kentucky.

April 16, 1998.

Rehearing Denied July 23, 1998.

J. Michael Dalton, Woodward, Hobson & Fulton, Louisville, for Evangelical Lutheran Society.

Victor B. Maddox and John David Dyche, Tachau, Maddox & Hovious, PLC, Louisville, for William M. Helm.

Paul B. Whitty, Louisville, for Louisville & Jefferson Planning Com'n.

John E. Evans and William C. Willock Jr., Evans & Willock, Louisville, for City of Prospect & City Council of Prospect.

Bill V. Seiller and Michael C. Bratcher, Seiller & Handmaker, LLP, Louisville, for Committee to Protect Prospect Area A.C. Simon & J. Kington.

Culver V. Halliday and Gregory L. Taylor, Stoll, Keenon & Park, Louisville, for Albert Oil Company.

Fred E. Fisher III, Louisville, for City Council of Jeffersontown.

Dave Whalin, Landrum & Shouse, Louisville, Jane Durkin Samuel, Sheila P. Hiestand, Landrum & Shouse, Lexington, for City of Graymoor–Devondale.

WINTERSHEIMER, Justice.

These appeals arise from a decision of the Court of Appeals reversing a judgment of the circuit court and determining that a local legislative body that fails to vote to override a recommended rezoning within 90 days retains legal authority over the zoning matter.

The principal issue is whether the failure of a local legislative body to take action on a planning commission recommendation within 90 days renders the recommendation final and deprives the local legislative body of authority to act on the matter.

Stated another way: Is the 90 day period set out in KRS 100.211(7) during which a local legislative body or fiscal court must take final action on a planning and zoning commission recommendation regarding a proposed zoning map amendment mandatory?

The statutes provide in pertinent part:

Unless a majority of the entire legislative body or fiscal court votes to override the planning commission's recommendation, such recommendation shall become final and effective and if a recommendation of approval was made by the planning commission, the ordinance of the fiscal court or legislative body adopting the zoning map amendment shall be deemed to have passed by operation of law.

KRS 100.211(1)

The fiscal court or legislative body shall take final action upon a proposed zoning map amendment within ninety (90) days of the date upon which the planning commission takes its final action upon such proposal.

KRS 100.211(7)

The circuit court determined in each of these appeals that the 90 day period was mandatory. The Court of Appeals, in a 2 to 1 decision reversed and remanded.

In each of the appeals, the relevant and essentially undisputed facts are well known to the parties. In each case, contrary to KRS 100.211(7), the local municipal legislative body failed to take action regarding a proposed zoning map amendment within 90 days of the date on which the local planning commission took final action on the proposals.

In *Helm v. Committee to Protect the Prospect Area, Inc.*, 96–SC–54–DG, a zoning change was sought in 1991 and the planning

commission recommended that it be approved. The Prospect City Council adopted a change by ordinance on November 25, 1991, but the circuit court declared the ordinance to be void because council acted before receiving the planning commission minutes. Two and a half years later, on June 14, 1994, a newly elected city council adopted a new ordinance rejecting the planning commission's 1991 recommendation.

In *Helm*, the city council initially adopted the recommended zone change in a timely manner in November of 1991. The declaration by the circuit court that the 1991 ordinance was void because the council acted before receiving the planning commission minutes was affirmed by the Court of Appeals in *Helm v. Citizens to Protect the Prospect Area, Inc.*, Ky.App., 864 S.W.2d 312 (1993). In that opinion, the Court of Appeals correctly emphasized that KRS 100.182, the substantial compliance statute, did not apply to local legislative zoning ordinances.

Here, rather than acting to disapprove the recommendation after receiving it on remand, the City of Prospect did nothing. The 90 days permitted by KRS 100.211 expired. Consequently, long after the Court of Appeals decision in *Helm, supra*, became final in November of 1993, a newly elected city council tried to override the planning commission recommendation by passing the ordinance in question on June 14, 1994, which was 206 days after the city had received the remanded recommendation, and 116 days after the zoning change had taken effect by operation of law pursuant to statute.

In *Evangelical Lutheran Good Samaritan Society, Inc. v. City Council of Jeffersontown, et al.*, 96–SC–42–DG, Albert Oil sought a zoning change. On July 16, 1993, after a public hearing in which opposition was registered by Evangelical, the planning commission recommended that the city council deny the application. On November 2, 1993, city council gave first reading to an ordinance reversing the recommendation of the planning commission and approving the rezoning. On November 9, 1992, 116 days after the planning commission's recommendation, three of the six council members voted for an ordinance reversing the planning commission

recommendation and two members voted against it. One councilperson did not participate in the deliberations or vote because of a conflict of interest.

In reaching its decision in each of these cases, the Court of Appeals relied on this Court's decision in *Ratliff v. Phillips*, Ky., 746 S.W.2d 405 (1988), where we interpreted the provisions of KRS 100.263 relating to boards of zoning adjustment that the 60 day deadline provided in the statute was directory rather than mandatory and that the board had not lost jurisdiction because of its failure to act. The Court of Appeals erred in its reliance on *Ratliff, supra*, as applied to the situation presented in these cases. The *Ratliff* decision turned on the absence of any statutory language establishing the consequences of the failure to act by the Board. In this case, the language directing the recommendation "shall be final and effective" is present in the statute. In addition, the *Ratliff* case involved an appeal from a city building inspector's refusal to issue a permit. Local boards of zoning adjustments are empowered to conduct hearings on those appeals and to decide them. KRS 100.263 requires them to act within 60 days. The *Ratliff* court determined that removal of the Board from the process of adjudication would constitute elimination of the factfinders and the parties would be without any record upon which to prosecute and defend an appeal. Such is not the case here because the record has been developed at the planning commission level in accordance with all due process guarantees. Thus, the fundamental reason for the decision in *Ratliff* does not apply. Here, the legislative directive is clearly evident in the statute, that is, specific consequences related to inaction by the board are statutorily provided.

Ignoring the 90 day requirement would allow a local legislative body to delay voting on a board recommendation and perhaps ultimately prevent any recommended zoning. Local legislative bodies must follow the planning system set out in Chapter 100 of the Kentucky Revised Statutes if they are to exercise any authority to zone. *See Bellefonte Land, Inc. v. Bellefonte Kentucky*, Ky. App., 864 S.W.2d 315 (1993). The General

Assembly may provide for amendments to the zoning ordinance and certain procedural steps must be followed or the local legislative body forfeits the right to act. In KRS 100.211(7), the General Assembly provided a time frame for the local legislative body or fiscal court in which to act. Failure to act within 90 days acts as a condition on the right to rezone. It establishes the limits on how long the local legislative body can consider a decision involving a zone change. The General Assembly did not intend an appeal pursuant to KRS 100.347 to eliminate the time restrictions on zoning requests.

■ Strict compliance with the statute on planning and zoning is required. *Cf. Green v. Bourbon County Joint Planning Com'n*, Ky., 637 S.W.2d 626 (1982). The language of the statute is clear and unambiguous. KRS 446.080 provides in pertinent part that all statutes are to be liberally construed in order to promote their objects and carry out the intent of the legislature.

KRS 100.211(7) was designed to prevent unnecessary delaying tactics when it established the 90 day limit. The Jefferson Circuit Court in *Helm* calculated the 90 day period from November 19, 1993 correctly. Such a result is fully consistent with the prevailing law as determined by appellate courts in other states. *See Marandino v. Planning & Zoning Com'n of the Town of Greenwich*, 21 Conn.App. 421, 573 A.2d 768 (1990); *Alcorn v. City of Rochester Zoning Bd. of Adjustment*, 115 N.H. 383, 341 A.2d 269 (N.H.1975); *Township of Montgomery v. Market Center Realty Co.*, 12 Pa.Cmwlth. 449, 317 A.2d 317 (Pa.Com.1974); *Vartuli v. Sotire*, 192 Conn. 353, 472 A.2d 336 (1984), which was cited in the dissenting opinion in *Ratliff; Glabach v. Sardelli*, 132 Vt. 490, 321 A.2d 1 (1974); *Humble Oil & Refining Co. v. Borough of East Lansdowne*, 424 Pa. 309, 227 A.2d 664 (1967), which was also cited in the dissenting opinion in *Ratliff; Board of Supervisors v. Dept. of Environmental Resources*, Pa.Comm., 669 A.2d 418 (1995); *P.H. English, Inc. v. Koster*, 61 Ohio.St.2d 17, 399 N.E.2d 72 (1980); *Stoner v. Planning Bd. of Agawam*, 358 Mass. 709, 266 N.E.2d 891 (1971) and *Savage v. Town of Rye*, 120 N.H. 409, 415 A.2d 873 (1980).

The remedy suggested by the Court of Appeals that an unsuccessful applicant seek a writ of mandamus is an unacceptably complex and attenuated solution. The statute in question says that the fiscal court or legislative body shall take final action and the words are clearly mandatory in nature. The General Assembly recognized that delay by local legislative bodies could be a serious matter. The legislature intended that after a specific period of time, zoning recommendations by the planning commission would be enacted by operation of law if local legislative authorities did not act. The 90 day limitation is mandatory. The plain language of the statute requires the local legislative authorities to take positive action to override the recommendation of the planning commission. The statute provides that the consequence of the failure of the local legislative body to override the planning commission recommendation is that the planning commission's recommendation becomes effective as a matter of law.

■ We find the citations to authority and statutory interpretations presented by the City of Prospect to be unpersuasive. Planning and zoning matters have been established by statutory law found in Chapter 100 of the Kentucky Revised Statutes. Great deference is given to the planning commission's decisions. Sections 28 and 29 of the constitution have no applicability in this situation because they relate only to transfers of power that are inherently and constitutionally limited to one branch of government where the transfer is complete and irrevocable. In one sense the General Assembly has delegated its own authority over zoning to local legislative bodies but only for a period of 90 days. Here, it is the city's failure to act within the 90 day period which mandates the result.

In view of the decision of this Court that the 90 day statutory limit is a mandatory requirement, it is not necessary for us to consider the arguments presented regarding the numerical nature of the vote in the *Evangelical Lutheran Good Samaritan Society v. Jeffersontown* case.

The decision of the Court of Appeals is reversed and the judgments of the circuit court are reinstated so as to make the recommendation of the planning commission in these cases effective by operation of statutory law.

STEPHENS, C.J., and COOPER, LAMBERT, GRAVES and WINTERSHEIMER, JJ ., concur.

JEFFREY D. STAMPER and CALVIN RANDALL TACKETT, Special Justices, concur.

JOHNSTONE and STUMBO, JJ., not sitting.