NICHOLASVILLE ROAD NEIGHBORHOOD CONSORTIUM INC.;Robert D. Boone; Robert L. Kelly; David A. Schlesser; and Douglas D. Gerdts, Appellants,

v.

LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT;Lexington–Fayette Urban County Council; Pam Miller, in her capacity as Mayor of the Lexington–Fayette Urban County Government; Teresa Ann Isaac, in her capacity as Vice Mayor and as a member of the Urban County Council; Charles W. Ellinger, D.D.S., in his capacity as a member of the Urban County Council; David B. Stevens, M.D., in his capacity as a member of the Urban County Council; George A. Brown, Jr., in his capacity as a member of the Urban County Council; Robert R. Jefferson, in his capacity as a member of the Urban County Council; Kathy Pratt, in her capacity as a member of the Urban County Council and her successor-in-interest Dick Decamp; Isabel Yates, in her capacity as a member of the Urban County Council; Fernita Wallace, in her capacity as a member of the Urban County Council and her successor-in-interest Bill Farmer, Jr.; Bobby Flynn, in his capacity as a member of the Urban County Council and his successor-in-interest Albert S. Mitchell; Willy Fogle, in his capacity as a member of the Urban County Council; Fred V. Brown, in his capacity as a member of the Urban County Council; Roy Durbin, in his capacity as a member of the Urban County Council and his successor-in-interest Jennifer Mossotti; Sandy Shafer, in her capacity as a member of the Urban County Council; Jack E. Hilliard, in his capacity as a member of the Urban County Council and his successor-in-interest Richard P. Moloney; Gloria Martin, in her capacity as a member of the Urban County Council; Lexington–Fayette Urban County Planning Commission; Walter W. May, Chairperson, in his capacity as a member of the Urban County Planning Commission; Rose M. Lucas, Vice–Chairperson, in her capacity as a member of the Urban County Planning Commission; Eugene B. Ballentine, in his capacity as a member of the Urban County Planning Commission; Dr. Thomas M. Cooper, in his capacity as a member of the Urban County Planning Commission; Sarah Gregg, in her capacity as a member of the Urban County Planning Commission; Dalam B. Harper, Jr., in his capacity as a member of the Urban County Planning Commission; Robert D. Kelly, in his capacity as a member of the Urban County Planning Commission and his successor-in-interest Carolyn S. Bratt; George L. Logan, in his capacity as a member of the Urban County Planning Commission; Dwight Price, in his capacity as a member of the Urban County Planning Commission and his successor-in-interest Keith Mays; Leslie Patterson Vose, in her capacity as a member

of the Urban County Planning Commission; Don Robinson, in his capacity as a member of the Urban County Planning Commission; and Investment Properties, Inc. of Lexington, Appellees.

### No. 1998–CA–000054–MR.

Court of Appeals of Kentucky.

June 4, 1999.

T. Bruce Simpson, Jr., Lexington, for Appellants.

Edward W. Gardner, Chris Westover, Lexington, for Appellees Lexington–Fayette Urban County Government; Lexington–Fayette Urban County Planning Commission.

James G. Amato, Stephen G. Amato, Lexington, for Appellee Investment Properties, Inc. of Lexington.

Before: DYCHE, GUIDUGLI and McANULTY, Judges.

### OPINION

McANULTY, Judge.

This is an appeal from a Fayette Circuit Court order affirming the decision of the Lexington–Fayette Urban County Council ("Council") which approved the rezoning of five lots from the existing two-family residential (R–2) zone to a planned neighborhood residential (R–3) zone. Appellants assert, among other things, that because the Council failed to act within the ninety-day time period imposed by KRS 100.211(7) the Planning Commission's recommendation to disapprove was adopted by operation of statutory law. In light of the recent Supreme Court decision in *Evangelical Lutheran Good Samaritan Society, Inc. v. Albert Oil Company, Inc.*, Ky., 969 S.W.2d 691 (1998), we must agree and therefore reverse.

For reasons which will become apparent, we will not provide a lengthy description of the facts. On September 21, 1995, the Lexington–Fayette Urban County Planning Commission voted to recommend a disapproval of a zone change application filed by Appellee Investment Properties, Inc. of Lexington ("Developer"). Thereafter, a public hearing was scheduled to be held before the Council on November 28, 1995. At the hearing, attorneys for the developer asked and received permission to amend the proposed Ordinance for zone

change. It is undisputed that none of the Appellants attended this hearing.

Once the Ordinance had been amended, Councilperson Durbin asked an attorney for the developer whether he was amenable to having a hearing at a later date. The attorney stated that it was possible if all parties agreed to a waiver of the ninety-day requirement in KRS 100.211(7). The only indication that "all parties" agreed to this waiver is the sole statement by a Mr. Tony Martin that it would be unfair to hear the zone change amendment that night. Mr. Martin, however, is not a party to this action nor have Appellees shown that he had the authority to speak on behalf of the Appellants.

The Council scheduled the second hearing to be held on January 18, 1996, but it was further postponed and eventually held on February 13, 1996. At the hearing in February, the Council approved the rezoning Ordinance. Appellants filed an action in the Fayette Circuit Court for review of the Council's decision. The circuit court affirmed and this appeal followed.

■ The crucial issue in this case is whether KRS 100.211 permits a waiver of the ninety-day time period in which a hearing is to be held. KRS 100.211 governs the procedure for amending the zoning map. It provides that a proposed change of zoning shall be referred to the planning commission. KRS 100.211(1). Once the planning commission makes a recommendation on the proposal, it shall take a majority of the entire legislative body to override the recommendation of the planning commission. *Id.* Further, the legislative body shall take final action upon a proposed zoning change within ninety days of the date upon which the planning commission takes its final action upon such proposal. KRS 100.211(7). In fact, unless a majority of the legislative body votes to override the recommendation, such recommendation shall become final and effective. KRS 100.211(1).

In *Evangelical Lutheran, supra*, the Supreme Court held that the ninety-day requirement in KRS 100.211(7) is mandatory. The Court further stated:

> The plain language of the statute requires the local legislative authorities to take positive action to override the recommendation of the planning commission. The statute provides that the consequence of the failure of the local legislative body to override the planning commission recommendation is that the planning commission's recommendation becomes effective as a matter of law.

*Evangelical Lutheran*, 969 S.W.2d 691, 694. Moreover, the Court found that failure to act within the ninety-day period acts as a condition on the right to rezone. *Id.*

■ There is no language in the statute and Appellees have provided no other authority which would allow a court to read a "right of waiver" into the statute. To the contrary, the law in Kentucky is clear that "strict compliance with the statute on planning and zoning is required." *Id.* (Citing *Green v. Bourbon County Joint Planning Com'n*, Ky., 637 S.W.2d 626 (1982)). Further, the Supreme Court stated that "[i]n one sense the General Assembly has delegated its own authority over zoning to local legislative bodies but only for a period of 90 days." *Id.* We are of the opinion that the parties cannot agree to extend a time period specifically limited by the General Assembly.

In light of the clearly mandatory language of KRS 100.211, this Court concludes that KRS 100.211 does not permit a waiver of the time period. As such, when the Council failed to take action within ninety days from the date the Planning Commission recommended disapproval of the proposal, the decision of the Planning Commission became final and the Council "forfeited the right to act." *Id.*

Because we so conclude, it is unnecessary to address the parties arguments concerning the merits of the Council's deci-

sion. The order of the Fayette Circuit Court is reversed.

All concur.