RENDERED:  MAY 1, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0920-MR

DOUG DANIEL                                               APPELLANT


                     APPEAL FROM HENRY CIRCUIT COURT
v.                     HONORABLE JERRY CROSBY, II, JUDGE
                     ACTION NO. 23-CI-00064


HENRY COUNTY FISCAL COURT;
HENRY COUNTY PLANNING AND
ZONING COMMISSION; JESS
MALIN; KRISTIAN MALIN; AND
ROBERT MALIN                                      APPELLEES


OPINION
REVERSING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Appellant, an aggrieved landowner, challenges the decision of the Henry Circuit Court with respect to approval of Appellee Malins' zoning map amendment.  Because Appellee Henry County Fiscal Court failed to comply with the statutory requirement that a zoning map amendment be enacted through a written ordinance, we reverse.

# BACKGROUND

On April 14, 2021, the Malins filed an application with the Henry County Planning and Zoning Board of Adjustments for a conditional use permit (CUP) pursuant to Henry County Zoning Ordinance (HCZO) Art. VI, § 640(I)(C)(13) for their sixty-seven- (67) acre property on Lacie Road in Turners Station, Henry County, Kentucky, where they sought to operate a wedding and event barn, outdoor amphitheater, and a farm building where local produce and products could be sold. The property was zoned A-1 (Agricultural – Farming Oriented) at the time of the Malins' application. They sought a CUP, as opposed to rezoning, because their plans were quasi-agricultural by promoting agritourism pursuant to HCZO Art. VI, § 640(I)(C)(13).

Following a hearing, the Board of Adjustments denied the application due to inadequate traffic infrastructure and adverse impacts to adjacent landowners. (Record (R.) at 470). The Malins appealed to Henry Circuit Court on August 8, 2021, and the matter was held in abeyance pending the parties' settlement.

The Malins submitted a different application, Application 2023-02Z, to the Henry County Planning and Zoning Commission on January 9, 2023. This application was for a joint zone map amendment and CUP. The Malins sought a zoning change from A-1 to B-2 (Business – Highway/General) for 8.5 acres of the

property and a CUP for the remaining 58.5 acres of the property. The B-2 zone would include an agricultural related store where farm-grown and Kentucky Proud products would be sold alongside other related products. The CUP for the remaining portion of the Malin property would permit agritourism activities which complement the retail store, including U-pick fields, field mazes, holiday celebrations and events, a petting zoo, an amphitheater, and an event barn for weddings and other events. The application claimed "substantial new development in the area" warranted the zone change to B-2.

The Planning Commission held a public hearing regarding Application 2023-02Z on February 8, 2023. At the hearing, counsel for the Malins acknowledged the Malins' 2021 CUP application and explained that the matter was on appeal in Henry Circuit Court, pending settlement of the parties "once this [Application 2023-02Z] is approved." He also claimed the purpose of the new application was because the Malins had "decided to go a different direction" with the property: while the farm building proposed in the 2021 CUP application was strictly agricultural in nature, Application 2023-02Z seeks to establish a retail store that is commercial in nature.

The Planning Commission spent nearly three hours collecting evidence during the hearing, including a presentation from the Malins, testimony in support and in opposition of the proposal, questioning with the Malins, and

questioning from the public. The Planning Commission confirmed that the applicants were agreeable to certain binding elements for the CUP: limit of one special event per weekend for a total of thirty weekends; maintain at least twenty five percent of the property as agricultural; no outdoor storage of entertainment equipment; construct all structures at least two hundred feet from adjoining property lines; construct the amphitheater facing away from the nearest adjoining property line; shut down all outdoor entertainment by 10:00 p.m. on Fridays and Saturdays and by 8:00 p.m. on all other nights; and only one firework event permitted during the week of the Fourth of July and New Year's Eve.

At the conclusion of the hearing, the Planning Commission recommended approval of Application 2023-02Z, finding the proposal and its required safeguards to be consistent with the Henry County Comprehensive Plan. (R. at 205-11).

Daniel, an adjacent property owner, then submitted a letter to the Henry County Fiscal Court seeking legislative review of the recommendation. The matter came before the Fiscal Court for review on March 21, 2023. The Fiscal Court members were given the Planning Commission's meeting minutes, their Findings and Recommendations, and the Certificate of Land Use Restriction. County Attorney Kassidy Dees informed the Fiscal Court of its options on review: uphold the findings of the Planning Commission to approve; make new findings

based on the record; or hold an independent hearing from the same evidence originally presented or with the introduction of new evidence. After reviewing the evidence, a motion for approval pursuant to the Planning Commission's recommendation was passed by a 5-1 vote.

Following the Fiscal Court's approval, Daniel filed a Complaint in the Henry Circuit Court seeking declaratory relief and pursuing an administrative appeal. The Fiscal Court and Planning Commission filed the certified record on appeal, which prompted Daniel to file a motion to supplement the record with the following: (1) a copy of all Planning Commission staff reports associated with the Malins' application; (2) a copy of the Ordinance passed by the Fiscal Court adopting the zone map amendment; (3) evidence of a second reading of ordinance by the Fiscal Court; (4) correspondence between the Fiscal Court members and Planning Commission members as well as the applicants and their designated representatives with the entities listed; and (5) a copy of the notice or motion to enter closed session made by the Fiscal Court members with the applicable open meetings exemption from the March 21, 2023 meeting held by the Fiscal Court, as well as a log of the general topics discussed from the March 21, 2023 closed session along with the applicable Open Meetings Exemption. (R. at 356). The court denied Daniel's motion to supplement after holding oral arguments on the issue. Daniel then filed for summary judgment, which the Circuit Court denied

and instead affirmed the approval of Application 2023-02Z. Daniel now appeals the Circuit Court's order denying supplementation of the record and its order denying summary judgment.

## STANDARD OF REVIEW

Effective June 27, 2025, a court shall apply *de novo* review of an agency's final order on questions of law, and an agency's interpretation of a statute or administrative regulation shall not be entitled to deference. KRS[1] 446.084.

## ANALYSIS

**I. Use of the word "required" in KRS 100.203(5) is not to be strictly construed.**

Appellant argues the trial court erred as a matter of law when it held the joint application was proper and the zone map amendment "required" the CUP. He argues the Planning Commission was not authorized to hear and decide Application 2023-02Z because the application did not "require" a CUP, and instead, the application should have been separated into two applications because the retail farm building requiring a zone change "is for a separate parcel and for a separate use." (Appellant's Br. at 11).

KRS 100.203 authorizes cities and counties to enact zoning regulations through a text. The statute provides that a text "may empower the

---

[1] Kentucky Revised Statutes.

-6-

planning commission to hear and finally decide applications for variances or conditional use permits when a proposed development requires a map amendment and one (1) or more variances or conditional use permits[.]" KRS 100.203(5). The HCZO has a similar statute enabling the same: "When an application for a zoning map amendment also requires one (1) or more variances or conditional use permits, the applicant may elect to have [them] heard and finally decided by the planning commission at the same public hearing[.]" HCZO Art. III, § 325. Generally, however, CUP applications are to be heard by local zoning boards when there is no map amendment involved. *See* KRS 100.237. This Court has previously recognized the affinity toward local expertise over zoning matters, having noted Kentucky courts have routinely construed KRS Chapter 100 as giving wide latitude to the planning body. *See Bellemeade Co. v. Priddle*, 503 S.W.2d 734, 738 (Ky. 1973) (construing statutory language to authorize floating zones); *see also Ward v. Knippenberg*, 416 S.W.2d 746, 748 (Ky. 1967) (zoning body not bound to follow every detail of land use plan).

The trial court rejected Appellant's argument that the zone map amendment did not "require" the CUP because each applied to different sections of the Malin property. As was similarly lacking before the trial court, Appellant failed to provide any authority to support this argument. He merely asserts the CUP application is "incidental" to the zone map amendment, though such a claim

is incompatible with the fact that had either (1) the zoning map amendment for the retail store or (2) the CUP for the U-pick farm, petting zoo, *etc.*, been denied, the application as a whole could not have proceeded. The Malins filed *one* application for *one* development which proposed *both* a zoning change and a CUP.

Kentucky courts have yet to address the function of the word "requires" in either KRS 100.203(5) or HCZO Art. III, § 325, so we take this opportunity to decline Appellant's narrow interpretation of the word. We hold that where, as here, an application for the same development on a single parcel proposes a zoning map amendment in addition to one or more CUPs, and it is necessary for both to be granted in order to approve the proposal in entirety, an applicant may elect the planning commission to have them heard and finally decided pursuant to KRS 100.203(5) and/or HCZO Art. III, § 325.

**II.    A zoning map amendment cannot be effectuated without a valid written ordinance, passed after having been read twice.**

Appellant next asserts that the Fiscal Court failed to introduce and pass a written ordinance after two readings, in violation of KRS 67.076 and 67.077(1).

Both statutes are within a section governing fiscal courts. KRS 67.076 permits "[o]ther official actions, including but not limited to approvals required by the fiscal court, [to] be taken by resolution, order, or motion." However, "[n]o action embraced in the term 'county ordinance' may be taken

except by passage of a county ordinance," which must be introduced in writing. *Id*. KRS 67.077(1) requires an ordinance to be read on two (2) separate occasions prior to passage.

Appellant argues the trial court erred in determining the Malins' application fell into the category of "other official actions" able to be taken by motion. The effect of a re-zoning proposal being "approved" as an "other official action," as opposed to an ordinance, would enable a fiscal court to entirely bypass KRS 67.077(1)'s two-reading requirement.

It is undisputed that the Fiscal Court, on March 21, 2023, approved the Planning Commission's recommendations as to Application No. 2023-02Z, without a written ordinance and without a second reading. Appellee claims that KRS 67.076 and 67.077(1) do not govern the Fiscal Court's action such that a valid, twice-read written ordinance is not required to effectuate a zoning map amendment. They instead point to KRS 100.211(2)(i), claiming the provision enables a fiscal court to approve a re-zoning application pursuant to a commission's recommendation, at which point "the re-zoning amendment is no longer proposed but is deemed to have passed by operation of law." (Appellee's Br. at 10). This misstates the statute.

The whole statute reads as follows:

Unless a majority of the entire legislative body or fiscal court votes to override the planning commission's

> recommendation, such recommendation shall become final and effective and if a recommendation of approval was made by the planning commission, *the ordinance* of the fiscal court or legislative body adopting the zoning map amendment shall be deemed to have passed by operation of law.

KRS 100.211(2)(i) (emphasis added). The Fiscal Court did not effectuate a valid ordinance. Appellee cannot cherry-pick favorable language from a statute that omits its essence.

Our case law has been clear that KRS 100.211(2)(i) requires a valid written ordinance for zoning map amendments: Appellant directs us to *City of Lyndon v. Proud*, an earlier case from this Court. 898 S.W.2d 534, 535 (Ky. App. 1995). Although *Proud* addressed a city's *denial* of the Planning Commission's recommendation for a re-zoning proposal, wherein the landowner asserted "the only method by which a [c]ity can refuse the recommendation of the planning commission is by ordinance," we were tasked with interpreting KRS 100.211(2)(i). *Id*. We wrote that "[i]t is apparent from the statutory language, and existing case law, that an ordinance is required to effectuate a map amendment." *Id*. We do not read KRS 100.211(2)(i) as providing a channel which allows a fiscal court to bypass the twice-read written ordinance requirement.

Appellees alternatively seek shelter under KRS 67.076(6), which provides that "[n]o action of a fiscal court shall be invalidated because of improper denomination of a county ordinance or other written document, *if the procedures*

-10-

***required for taking the action have otherwise been observed***."  (Emphasis added.)

Fatal to Appellees' argument, the re-zoning procedures have not been otherwise observed and their theory of "sufficient compliance" is moot for several reasons.

Relying on this statute, the trial court determined that although it is "undisputed" the Fiscal Court failed to conduct a second reading of the Malins' proposed amendment prior to passage, Appellant "failed to articulate how this procedural error resulted in any material substantive prejudice[.]"  (Circuit Court Order at 15).  The trial court quoted *Minton v. Fiscal Court of Jefferson County* that "noncompliance with procedural requirements may be excusable or curable, such as when there has been . . . no material prejudice," particularly when the Plaintiff "actively participated at the hearing level and beyond" and simply pointed to Daniel's attendance at the singular public hearing on the matter as precluding material prejudice.  850 S.W.2d 52, 54 (Ky. App. 1992).  What the court omitted from this quote alters it significantly.  *Minton* says the following: "However, it is recognized that noncompliance with procedural requirements may be excusable or curable, such as when there has been ***actual notice and*** no material prejudice."  *Id*. (emphasis added).  It is undisputed that the notice requirements here were not met by the Fiscal Court.

While KRS 67.076(6) requires this Court to consider valid any action of a fiscal court if the procedures required for taking the action have otherwise

-11-

been observed, such is not the case here, and *Minton* does not require this Court to excuse or cure substantive noncompliance, only procedural noncompliance.

This Court rejected application of *Minton* to the enactment of ordinances. *Helm v. Citizens to Protect the Prospect Area, Inc.*, 864 S.W.2d 312, 314 (Ky. App. 1993). In *Helm*, the Planning Commission recommended zoning changes proposed by the appellant landowner. The Commission hand-delivered notice of its action to the proper authority in the City of Prospect, along with "unofficial minutes" of the Commission's meeting. The first reading of the ordinance was scheduled for several days later at the City Council's next regular meeting. The Council met as scheduled, the proposed ordinance was given its first reading, and a special meeting was scheduled for the second reading of the ordinance. Prior to the second reading, but after the first, the Commission met and approved the "unofficial minutes" following minute corrections. We held "it was incumbent upon the Council to wait until they had received the Planning Commission's minutes before they made any attempt to decide whether to adopt the ordinance." *Id*.

The appellant landowner asked that we apply *Minton*'s rule of substantial compliance to prevent the defective ordinance from being voided. We rejected that argument, explaining: "While the substantial compliance rule has its place in administrative law, it has no place in the enactment of ordinances by local

legislative bodies.  A local legislative body to enact a valid ordinance must observe all legal requirements, including those they impose upon themselves." *Id*. (citing *Glazier v. City of Newport*, 116 S.W. 262 (Ky. 1909)).  We find *Helm* instructive.

At issue in this case is not a minor procedural oversight.  It is a significant defect, such that no written ordinance was ever prepared to effectuate the passage of Application 2023-02Z.  Simply signing a document titled "Zone Change Approval" as the Fiscal Court did here does not promote the clarity and notice otherwise afforded to the public by a written ordinance.  We hold that the rule of substantial compliance does not apply to a fiscal court or legislative body's failure to conduct two readings on a zoning map amendment as required by KRS 67.076.  Because the Fiscal Court did not comply with this requirement when seeking to approve the application, the passage of Application No. 2023-02Z is hereby void.

In view of this decision, we need not address Appellant's remaining arguments regarding due process violations or denial of his motion to supplement the record.  The order of the circuit court is reversed and remanded for further proceedings consistent with this Opinion.

ALL CONCUR.

-13-

BRIEFS FOR APPELLANT:

Randal A. Strobo
Timothy J. Mayer
Julia D. Taylor
Louisville, Kentucky

BRIEF FOR APPELLEE HENRY
COUNTY FISCAL COURT AND
HENRY COUNTY PLANNING AND
ZONING COMMISSION:

Carol Schureck Petitt
Tess M. Fortune
Pewee Valley, Kentucky

BRIEF FOR APPELLEES ROBERT
MALIN, KRISTIAN MALIN, AND
JESS MALIN:

Jake A. Thompson
Carrollton, Kentucky